BERNARD W. MAXWELL, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF WILDWOOD, IN THE COUNTY OF CAPE MAY, RESPONDENT.

Submitted October 14, 1932—Decided August 17, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Charles E. McCraith, Jr.*

For the respondent, *Harry Tenenbaum* (*Carl Kisselman,* of counsel).

The opinion of the court was delivered by

HEHER, J. On June 1st, 1925, prosecutor was appointed, by resolution of the governing body of the city of Wildwood, relief caretaker of fire houses for a term of seven months. He functioned in this position, without formal reappointment, until May 15th, 1928, when, by resolution of the governing body, he was appointed relief caretaker and fire escape inspector, without fixed term. He served in that capacity until June 7th, 1932, when the respondent body, by resolution, appointed one Moore "relief caretaker of fire houses, at an annual salary of $500." The prosecutor's annual salary at the time of the adoption of this resolution was $1,620. On May 24th, 1932, respondent, by resolution, appointed one Orsini building inspector of the municipality, at an annual salary of $1,000, and assigned to him the "duties of fire escape inspector."

The prosecutor served in the United States army during the world war, and was honorably discharged, and is also an exempt fireman. He attacks the municipal action represented by the resolution appointing Moore as relief caretaker of fire houses as in contravention of chapter 14 of the laws of 1907 (*Pamph. L.* 1907, *p.* 37; 4 *Comp. Stat., p.* 4873) and chapter 212 of the laws of 1911 (*Pamph. L.* 1911, *p.* 444). No charges were preferred against the prosecutor, and he was not accorded the hearing required by these statutes in the event that removal or dismissal from an office or position is sought. It is stipulated that he was not removed for cause; that he was "dismissed in the interest of municipal economy;" that the resolution under attack "did not abolish the office of relief caretaker, but its effect was to dismiss prosecutor from the fire department;" and that the governing body acted in good faith in the adoption of the resolution, and was not influenced by political motives. Respondent

argues that the statutes invoked by prosecutor do not apply for two reasons, viz.: (1) the prosecutor held his position for a term fixed by law; and (2) the municipal action complained of effected a substantial annual saving, and was a *bona fide* effort to promote the public interest.

As to the first point, the contention seems to be that the prosecutor was appointed for a term co-extensive with that of the governing body. The city of Wildwood is a commission governed municipality. *Pamph. L.* 1911, *p.* 462. On the day of prosecutor's appointment, but prior thereto, the board of commissioners adopted a resolution providing that "all employes in the several departments of the city, either elective or appointive, shall continue to hold their respective positions until they are either elected or appointed or until their successors are qualified."

It is argued that prosecutor was appointed for a term fixed by law, *i. e.,* "a term co-extensive with that of the creating board," and *McGrath* v. *Bayonne,* 85 *N. J. L.* 188, and *Woolley* v. *Flock,* 92 *Id.* 65, are cited. But neither case supports this contention. In McGrath v. Bayonne, the resolution appointing an assistant building inspector *fixed the term at one year,* and Chief Justice Gummere held that (page 192) "an office or position which is created by municipal ordinance or resolution adopted pursuant to power conferred by the legislature upon the governing body for that purpose, is just as much created by law, and its term, when fixed by such ordinance or resolution, is just as much fixed by law as if the legislature itself had acted in the premises." In Woolley v. Flock, the controversy related to the term of office of the "presiding officer of the board of commissioners, and as such 'mayor' and 'director of the department of public affairs' " of commissioned governed cities. Mr. Justice Trenchard ruled that such officer "holds for a term of four years, and not merely at the will of the board of commissioners."

But there is no analogy between that and the instant case. Mr. Justice Trenchard rested his conclusions upon statutory provisions which are not applicable to the position held by prosecutor. He said: "It is of controlling significance that,

when so elected, the statute requires that they (board of commissioners) shall 'at the first meeting after their election * * * choose one of their number to preside.' * * .* This function of choice they are permitted to discharge but once, and the choice must be made immediately after all have been elected for a period of four years (it being otherwise with respect to subordinate boards or appointees)."

Chapter 275 of the laws of 1915 (*Pamph. L.* 1915, *p.* 494) provides that "any board created (by the board of commissioners) may be abated; or any officer or employe appointed by the board of commissioners may be removed from office by them, at any time for cause, after public hearing, provided their action shall be taken in accordance with the civil service and tenure of office acts in municipalities where such acts have been adopted, and such action shall be subject to review by the courts as heretofore." In the instant case the resolution appointing prosecutor did not fix the term. Assuming, without deciding, that the resolution upon which respondent relies was a proper exercise of municipal power, the tenure prescribed thereby is *durante bene placito*. That being so, prosecutor was appointed for an indefinite term, and the Veterans' and Exempt Firemen's Tenure acts apply. *Stewart* v. *Freeholders of Hudson,* 61 *N. J. L.* 117. In any event, there was no term fixed either by statute or by municipal ordinance or resolution, except as prescribed by the Veterans' and Exempt Firemen's acts. The act of 1915 clearly contemplates that positions such as this shall be held for an indefinite term. That this was the legislative intent and purpose is demonstrated by the subsequent clause in the same section, providing for the appointment of a city clerk by the board of commissioners "for such term as they may fix."

Respondent's second point is likewise without merit. The rule is that the abolition of an office or position held by one of the designated class does not contravene the provisions of the Veterans' and Exempt Firemen's acts (they are identical in form and substance) when such action is taken in good faith, and for the betterment of the public service. *Reck* v. *Board of Commissioners of North Bergen,* 110 *N. J. L.*

173; *Nickerson* v. *Board of Commissioners of the City of Wildwood*, 111 *Id.* 169; *Colgarry* v. *Newark*, 85 *Id.* 583; *Harker* v. *Bayonne*, 85 *Id.* 176; *Ingram* v. *Jersey City*, 63 *Id.* 542; *Caulfield* v. *Jersey City*, 63 *Id.* 148; *Beirne* v. *Jersey City*, 60 *Id.* 109; *Newark* v. *Lyon*, 53 *Id.* 632.

But the position held by the prosecutor was not, in fact, abolished. Even so, the action complained of was that of abolishing one office and creating another under a different name with the same duties, and was therefore illusory. *Stivers* v. *Jersey City*, 70 *N. J. L.* 606; *Nickerson* v. *Board of Commissioners of the City of Wildwood, supra.*

The object and policy of a statute should be resorted to in aid of interpretation. The evident intent of the legislature was to protect those constituting the favored class from removal "except for good cause shown after a fair and impartial hearing." Section 1 of each statute so declares. Section 2 prescribed the mode of procedure in event that the provision of section 1, permitting removal for good cause, is invoked. Section 3 enjoins the governing body not "to abolish any position or office (of the specified class) or to change the title of any such office or position, or to reduce the emoluments therefor for the purpose of terminating the service of any such employe." This court lately held that the latter is obviously a provision intended to prevent, by indirection, evasion of the provisions of section 1. It gives efficacy to the statutory scheme. It is in aid of the protection sought to be accorded to the preferred class. *May* v. *Board of Commissioners of the Town of Nutley*, 111 *N. J. L.* 166; *Nickerson* v. *Board of Commissioners of the City of Wildwood, supra.*

Manifestly, the action complained of constituted either (1) a removal of prosecutor from his position, in violation of the first sections of these acts, or (2) a change in the title of the position, or a reduction in the emoluments thereof, or both, for the purpose of terminating the service of prosecutor, in violation of the third section of the act. In either event, he was illegally removed from his position, and the resolution under attack is therefore invalid.

We do not hold the view that these acts deprive the proper governmental agencies of the power to change the title of an office or position of the designated class, or to reduce the salaries of the holders thereof, or to curtail the duties of an office or position, by transfer or otherwise, provided such action is taken in good faith for the advancement of the public welfare, and not for the purpose of terminating the services of the holder of such office or position. The purpose of the statute is to protect members of the class embraced within it against removal from the public service without cause, to prevent them from being affected by political changes in the state and municipal governments, but not to interfere with the carrying into effect of those changes in the administration of public affairs which past experience or new conditions demonstrate are necessary for the public welfare. *Harker* v. *Bayonne, supra.*

*Certiorari* allowed.