LESTER JOHNSON, PROSECUTOR, v. CITY OF ASBURY PARK, A MUNICIPAL CORPORATION, DEFENDANT.

Submitted October term, 1934—Decided December 16, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Kremer & Proctor*.

For the defendant, *Donald M. Waesche*.

PER CURIAM.

This writ commands the city of Asbury Park to send to the Supreme Court for review a "certain action" taken by the city "on January 4th, 1934, demoting or attempting to demote the prosecutor, Lester Johnson, from the position of first grade fireman to that of second grade fireman."

On October 10th, 1933, the voters of the city voted to adopt the city manager form of government. Thereafter, on October 31st, 1933, the retiring government promoted the prosecutor and twenty other second grade firemen to the rank of first grade firemen, although no such similar action had been taken in any case for a period of three years.

The new form of government took over the affairs of the city on the first of the year 1934, and on January 2d, 1934, the city manager addressed a letter to the mayor and council relating to the budget, wherein, after referring to the financial condition of the city, and the necessity of economy and efficiency, he proceeded to state: "Second, it shall be a budget where no one is on the public payroll unless he or she is absolutely needed for the performance of necessary public service. In this connection and in order that I may be governed accordingly, I have asked the opinion of the city solicitor as to my rights relative to the twenty-odd firemen who were made first grade firemen just prior to the time this new administration took office. * * * In other words, if I have the right, these newly added men will be reduced to the rank they previously held, and when and if, in the course of events it can be proved to me that any additional firemen, patrolmen or other employes are needed for the efficient performance of government in Asbury Park, I shall so advise you and make recommendations accordingly."

The city manager was advised by the city solicitor that he had such right, and immediately thereafter a resolution was

unanimously adopted by the mayor and council that the recommendations submitted for the budget be followed by the city manager, and on January 4th, 1934, the action of the city through its city manager was taken demoting the prosecutor and the others to the status he and they had prior to October 31st, 1933.

The first point made by the prosecutor is that "the action of the defendant, through its city manager, was taken for purely political reasons." We think that point is without merit.

It appears that prior to the action taken by the city demoting the twenty-one firemen, which is now challenged, the annual salary of the first grade firemen according to ordinance 460 (repealed February 27th, 1934) was $2,000, and that of the second grade firemen was $1,800. It also appears that all of these twenty-one firemen who were reduced in rank are "all now members of the fire department * * * and are being paid the salary of second grade firemen."

It follows therefrom that a saving in reducing the twenty-one first grade firemen to the rank of second grade firemen is $4,200 annually. It further appears that the city was in dire financial distress. It was largely in default upon interest on its bonds and notes, and in taxes due to the county and state. It therefore seems to us that the action taken was in good faith and for purposes of economy, and not for "purely political reasons."

The case of *Reck* v. *Board of Commissioners of North Bergen*, 110 *N. J. L.* 173; 164 *Atl. Rep.* 468, held that "the abolition by a municipality of a position or an office held by one of the favored class designated in the statute, when such action is taken in good faith and for the betterment of the public service * * * is a legitimate exercise of municipal power notwithstanding the provisions of the statutes similar to the one appealed to," and that "economy in public expenditure is a betterment of service of the municipality towards the public, the revenue producing agency, through the levying and collection of taxes."

In *Maxwell* v. *Wildwood*, 111 *N. J. L.* 181; 168 *Atl. Rep.* 143, it was held that "the abolition of an office or position held

by one of the designated class does not contravene the provisions of the Veterans and Exempt Firemen's acts, when such action is taken in good faith and for the betterment of public service."

In *Durken* v. *Newark Fire Commissioners,* 89 *N. J. L.* 468, it was held that for the purpose of economical administration of governmental affairs members of the fire department may be reduced in rank and salary, if done in good faith.

In the companion case to this (*Taggart* v. *Asbury Park,* 15 *N. J. Mis. R.* 10, considered at the same time as the present case) we pointed out that in cases such as these the general rule is that in the absence of a showing of bad faith, which must be clear and convincing, the court will not interfere with the action of the municipal body.

The only remaining point is that "the salaries of the prosecutor and other first grade firemen were fixed by the voters of the city of Asbury Park at a referendum election and could not legally be reduced without another similar election."

But here there is nothing to show that the prosecutor's salary was fixed by the voters at a referendum election held in 1930, as contended by the prosecutor. The evidence is to the contrary, that salaries were fixed and determined by an ordinance which has since been repealed. However, the question brought up for review is not one of salary, but is as to the legality of the demotion of the prosecutor from the position of first grade fireman to that of second grade fireman; and that we think the city had the right to do.

The writ will be dismissed, with costs.