JAY M. ACKLEY, RELATOR, v. JAMES NORCROSS AND FRANK ANTHONY AYRES, DEFENDANTS.

Argued May 2, 1939—Decided June 23, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the relator, *William C. Gotshalk.*

For the defendants, *Albert S. Woodruff.*

The opinion of the court was delivered by

PORTER, J. The relator, Jay M. Ackley, claims to be entitled to office as under-sheriff of Camden county and by this information contests the right to the office of the two defendants, James Norcross and Frank Anthony Ayres. who presently occupy office as under-sheriffs in said county.

The pleadings and stipulation of facts, agreed to by the parties, disclose that the relator was appointed as under-sheriff of Camden county November 10th, 1926, by the then sheriff, and was appointed by the three succeeding sheriffs to the same office, serving during the entire incumbency of the said four sheriffs. On November 15th, 1938, the then sheriff-elect, Frank B. Luker, advised relator in writing that he would not require his services in the office upon his assuming the office of sheriff on the following day. On November 16th, 1938, he appointed as one of his under-sheriffs defendant James Norcross and on March 20th, 1939, he appointed as another under-sheriff defendant Frank Anthony Ayres, both of whom duly qualified and assumed the offices. The relator is an honorably discharged veteran and an exempt fireman under the laws of this state. Each of the said four appointments of relator by the various sheriffs was in writing and in identical form, except as to dates and signatures. The terms of the

appointments were stated, in part, as follows: "during my pleasure and until the expiration of my office unless I shall before revoke this appointment."

The pertinent question presented for decision is whether or not the relator had tenure of office. The statute protects veterans from removal from office where their terms of office are not fixed by law. *R. S.* 38:16-1/2. The same was true as to exempt firemen, *R. S.* 40:47-60, until June 16th, 1938, when *Pamph. L.* 1938, *p.* 964, became effective, which statute did not contain the limitation to those whose terms were fixed by law, but excepted only those offices or positions created by the Constitution.

The relator contends that he has tenure under both statutes: that as a veteran he comes within the provisions of *R. S.* 38:16-1, *supra,* for the reason that his term of office was not fixed by law; and that as an exempt fireman he comes within the statute of 1938, *supra,* his office not having been created by the Constitution.

*R. S.* 40:41-30, authorizing the appointment of under-sheriffs, provides that they "shall hold office during the pleasure of the sheriff making the appointment or his successor." The contention is that the words "or his successor" must be construed to mean that an under-sheriff's term does not expire with that of the sheriff, but continues on indefinitely until some affirmative action is taken to terminate it for good cause shown and after hearing, as provided by *R. S.* 38:16-1/2, *supra.*

With this contention we are not in accord.

The statute, *R. S.* 40:41-28, authorizes a sheriff to remove an under-sheriff at pleasure. *R. S.* 40:41-30 says that a sheriff *may appoint* under-sheriffs and that they shall not be classified under the civil service. It seems to us that the legislative intention was to give the sheriff free rein to control the terms of office of his under-sheriffs, to appoint and remove at his pleasure. The quoted words of the statute, "or his successor," relied on by relator to show an indefinite term, do not in our view so indicate. It may well be that the meaning is that in the event of a new sheriff not making a new appointment of an under-sheriff the incumbent in office will hold over.

Moreover, the statutes relating to tenure, *supra,* upon which relator relies, are general, while those dealing with the office of under-sheriff are special and specifically cover the subject. The rule is that where there is any conflict between a general and specific statute covering a subject in a more minute and definite way the latter will prevail over the former and will be considered an exception to the general statute. *59 C. J.* 1056.

However that may be, there is another ground which is dispositive of relator's claim. He accepted office under the written appointments during the pleasure of the sheriffs appointing him and "until the expiration of my office unless I shall before revoke this appointment." The sheriffs have power to appoint for a specified term of less duration than their own, or as was done here, for their full term of office subject to revocation. Surely a sheriff is without power to extend the term of his under-sheriff beyond the period of his own term. *57 C. J.* 766. Relator having been appointed for a definite term and having accepted it, he is bound by that act, notwithstanding any tenure he may otherwise have. *Hardy* v. *Orange,* 61 *N. J. L.* 620; 42 *Atl. Rep.* 581.

It follows that relator's term having expired with that of the sheriff who last appointed him, his right to the office was at an end and the defendants having been legally appointed are entitled to the offices.

The information is dismissed, with costs.