18 N.J. Super. 473 (1952)
87 A.2d 439
JOSEPH A. CARLUCCIO, PLAINTIFF-APPELLANT,
v.
MARTIN J. FERBER, DIRECTOR OF MOTOR VEHICLES, AND DOMINICK ANIELLO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1952.
Decided March 24, 1952.
*475 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Stephen Mongiello argued the cause for appellant.
Mr. John J. Kitchen argued the cause for respondent (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff, alleging that he is an honorably discharged veteran of World War I entitled to the protection afforded by the Veterans' Tenure Act (R.S. 38:16-1 et seq.), complains of the termination by defendant Ferber, Director of Motor Vehicles, of his agency for the registering of motor vehicles, issuing registration certificates and licensing of drivers, to which he was designated pursuant to R.S. 39:3-3 (L. 1921, c. 208) by a predecessor in office of Ferber, and of Ferber's designation of defendant, Aniello, to replace him.
Ferber's action was taken by letter of December 7, 1950, advising plaintiff that his "authority to act as agent is hereby revoked as of December 31, 1950." Plaintiff filed an amended complaint in the Law Division seeking a judgment restoring him as agent and setting aside Aniello's designation in his place. Upon motion of Ferber the action was dismissed, without prejudice, "for the reason that the Court lacks jurisdiction of the subject matter." Ferber's motion was grounded upon the contention that "plaintiff seeks review in his complaint of a decision or action of a state administrative *476 agency" reviewable not by complaint filed in the Law Division pursuant to Rule 3:81-2 but by appeal to the Appellate Division under Rule 3:81-8. Plaintiff appeals from the order of dismissal which was entered November 14, 1951, and also "from the final decision or action of Martin J. Ferber, administrative agent, dismissing the above plaintiff on December 31, 1950, in accordance with Rule 3:81-8."
Whether plaintiff's challenge to Ferber's action was reviewable in the circumstances by complaint under Rule 3:81-2 or by appeal under Rule 3:81-8 it is not necessary for us to decide. His claim to relief is rested solely upon his alleged veteran's status. The question whether the Veterans' Tenure Act embraces agents designated under R.S. 39:3-3 has been fully argued in the briefs and we shall therefore determine it. It is our opinion that an agent designated under R.S. 39:3-3 is not a person "holding any employment, position or office under the government of this state" and "receiving a salary from such state" within the intendment of the Veterans' Tenure Act.
It is settled that "The Legislature may by the manner in which it establishes or reconstructs a public office and by the character of authority which it gives in the supervision thereof indicate a purpose to exclude the employees from the application of the Veterans' Tenure Act." Barringer v. Miele, 6 N.J. 139 (1951). The manner in which the Legislature established the office of Director of Motor Vehicles as regards the latter's agents of plaintiff's class and the character of the authority given to the Director's selection, supervision and termination of authority of such agents plainly evince a legislative purpose to exclude the agents from the application of the Veterans' Tenure Act.
While motor vehicle inspectors are to be chosen "with special reference to their fitness for the work" and are required "to submit themselves to such an examination as the board of civil service commissioners may require," and their rights to tenure, pensions and retirement are recognized, R.S. 39:2-7.1, and the compensation of inspectors and clerical *477 assistants is expressly made subject to classification by Civil Service, R.S. 39:2-6, and examiners of motor vehicles at inspection stations are appointed "subject to existing laws." R.S. 39:8-2, the agent designated under R.S. 39:3-3 may act only "until his authority is revoked" by the Director, and his compensation is based upon registration certificates issued by him and for every license granted by him, and the Director has authority to limit the fee so paid to a maximum. The Legislature obviously intended to, and did, place in the hands of the Director large and unusual determinative powers, including the designation and removal, and the fixing of the number and the compensation of such agents. Plainly the agent is not within the class of persons in public service contemplated by the Legislature to be limited to persons holding "employment, position or office" and "receiving a salary from such state." See Brickett v. Lagay, 134 N.J.L. 1 (E. & A. 1946). The legislative intention was to give the Director full rein to control the tenure of his agents and to appoint and remove at his pleasure. Cf. Ackley v. Norcross, 122 N.J.L. 569 (Sup. Ct. 1939), affirmed 124 N.J.L. 133 (E. & A. 1940).
Nor is the result different by reason of the provisions of L. 1945, c. 175 (R.S. 38:23A-3) providing that rights, privileges and benefits granted "in any law" to veterans "holding any appointive office, position or employment," shall include "all those engaged in the public service in any of its branches within this State" without distinction "by reason of the source of the public funds from which such person is paid." If that statute is effective to cover under the Veterans' Tenure Act persons excluded therefrom under the holding in Brickett v. Lagay, supra, nonetheless it does not bring within the purview of the tenure act an agent, as here, not "receiving a salary" and whose authority is expressly made by R.S. 39:3-3 terminable at the pleasure of the Director.
Affirmed.