120 N.J. Super. 194 (1972)
293 A.2d 671
GENE M. BIALKOWSKI, PLAINTIFF-APPELLANT
v.
BOROUGH OF RIDGEFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND GEORGE CALZA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 20, 1972.
Decided June 28, 1972.
*195 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Ms. Sylvia B. Pressler argued the cause for the appellant (Okin, Pressler & Shapiro, attorneys).
Mr. Michael L. Scherby argued the cause for the respondents.
PER CURIAM.
Under the provisions of N.J.S.A. 40:87-15, the borough council was authorized to appoint, in addition to various designated administrative officials, "such other officers as the council may deem necessary." The same section provided that all such officers "shall hold office for 1 year and until their successors shall have qualified." A 1970 amendment simply added to the list of specifically designated offices, the office of "borough building inspector." L. 1970, c. 301, § 1.
*196 Thus, on the occasion of each appointment of the plaintiff as building inspector, the term thereof was limited by the foregoing statute to a period of one year. And this is precisely the term for which he was appointed by the governing body of the defendant municipality. Each of the resolutions adopted for the years 1968, 1969, 1970 and 1971 appointed plaintiff as building inspector "for the year [designating the specific year]."
This conclusion is not affected in any manner by the passage by the borough council in December 1969 of the ordinance which adopted as the borough's building code ordinance the major portion of the provisions of the Standard Building Code of New Jersey. The provisions of section B 102.0 of that ordinance, which prohibited the removal of the building inspector "except for cause" and after a hearing, could relate only to removal during the one-year term for which he was appointed to administer the office. To otherwise construe this section (i.e., as providing for appointment during good behavior) would be to permit a municipality by ordinance to negate and to contradict a state statute expressly limiting the duration of the term of a municipal office to "1 year," N.J.S.A. 40:87-15. Auto-Rite Supply Co. v. Woodbridge Tp., 25 N.J. 188 (1957).
Each of the four successive appointments of the plaintiff as building inspector having been made for a fixed term of one year, he has and had no tenure in that office by virtue of his status as the holder of an exempt fireman certificate. He is not entitled to tenure under N.J.S.A. 40A:14-60 or its predecessor statutes (N.J.S.A. 40:47-60 and 61), for it expressly excludes from its protection those persons holding "appointments made for a fixed or stated period of time." Similarly, he is not entitled to tenure under N.J.S.A. 40A:14-63 or its predecessor statute (N.J.S.A. 40:47-64), since by clear implication it also excludes persons whose terms of office are fixed by statute. Allgaier *197 v. Woodbridge Tp., 5 N.J. Super. 21 (App. Div. 1949); Greenfield v. Passaic Valley Sewerage Comm'rs, 126 N.J.L. 171 (Sup. Ct. 1941).
Contrary to the contention of the plaintiff, there is nothing in the 1970 revision of Chapter 47 of Title 40, and specifically the sections dealing with tenure of persons holding exempt firemen certificates (N.J.S.A. 40:47-60 to 40:47-67, inclusive), which indicates any legislative intent "to change the pre-existing scheme."
Affirmed.