130 N.J. Super. 209 (1974)
326 A.2d 71
THOMAS LAWRENCE ET AL., PLAINTIFFS-RESPONDENTS,
v.
ERNEST BUTCHER ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1974.
Decided October 8, 1974.
*211 Before Judges CARTON, CRANE and KOLE.
Mr. David J. Haber argued the cause for appellants (Mr. Herbert B. Bierman, attorney).
Mr. M. Fred Gernand argued the cause for respondents (Mr. Joseph E. Shamy, attorney).
The opinion of the court was delivered by CRANE, J.A.D.
Plaintiffs brought an action in lieu of prerogative writs seeking an order in the nature of mandamus to compel defendant township clerk to file a petition of voters and to place a referendum on the ballot in the general election in November. The petition protested the passage and approval of an ordinance raising the salaries of township officers and employees and sought a referendum of the voters with regard to the ordinance. The petition contained 481 signatures of validly registered voters, out of a total number of 6,512. The township clerk found the number to be insufficient to initiate a referendum, citing N.J.S.A. 40:69A-185 which requires signatures of 25% of the registered voters.
The trial court found that the controlling statute was N.J.S.A. 40A:9-165, which requires the signatures of only 5% of the registered voters and entered judgment in favor of plaintiffs. Defendants have appealed.
The government of Monroe Township is organized under the provisions of Article 8 of the Optional Municipal Charter *212 Law (commonly called the Faulkner Act), N.J.S.A. 40:69A-74 et seq. With regard to referenda in general, the Optional Municipal Charter Law provides in N.J.S.A. 40:69A-185 that the voters shall have power to demand a referendum as to whether certain ordinances passed by the municipal council shall become effective by filing a petition in municipalities having fewer than 70,000 registered voters signed by 25% of the registered voters.
It is also provided in N.J.S.A. 40:69A-26 et seq. that municipalities organized under the Optional Municipal Charter Law shall be governed by "all applicable provisions of general law" as well as "provisions of this act common to optional plans." N.J.S.A. 40A:9-165 is such an applicable provision of general law. By its terms it applies specifically to the enactment of salary ordinances in all municipalities and empowers the voters to demand a referendum of the question of whether an ordinance raising salaries shall become effective by the filing of a petition signed by 5% of the registered voters.
Where statutes in some apparent conflict relate to the same subject matter, it is the duty of the court to construe them together as a unitary and harmonious whole insofar as that may be possible in order that each may be fully effective. Clifton v. Passaic Cty. Bd. of Taxa., 28 N.J. 411, 421 (1958). The more specific applicability of N.J.S.A. 40A:9-165 to the subject matter of the ordinance brings into play the well recognized principle of statutory construction that the provisions of a specific statute will prevail over a general statute. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339 (1970); Goff v. Hunt, 6 N.J. 600 (1951); 2A Sutherland, Statutory Construction, § 51.05 at 315 (1973).
The statutes may thus be construed in harmony by regarding N.J.S.A. 40:69A-185 as dealing with ordinances in general, with the exception of salary ordinances which are governed by the provisions of N.J.S.A. 40A:9-165.
*213 The case of Indyk v. Klink, 121 N.J. Super. 314 (App. Div. 1972), cited by defendants dealt with the question of whether the township attorney and the township engineer should be appointed by the council or by the mayor. We do not regard that case as apposite. The statutes involved in that case could not be construed in a harmonious manner and the court found a legislative intent to prefer the provisions of the Optional Municipal Charter Law. In the instant matter there is a sufficient basis, apparent from the language of the several provisions, for the conclusion that the Legislature intended to deal with the subject matter of the enactment of salary ordinances in a uniform way in all municipalities and that it did not intend to require the signatures of a greater number of registered voters to initiate a referendum for the review of salary ordinances in municipalities governed by the Optional Municipal Charter Law.
Accordingly, we conclude that the trial court was correct in its conclusion that the provisions of N.J.S.A. 40A:9-165 require the township clerk to file the petition and arrange for placing the referendum on the ballot at the next general election.
The judgment is affirmed.