188 N.J. Super. 476 (1983)
457 A.2d 1208
IN RE VINCENT J. FITZGERALD.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1983.
Decided February 10, 1983.
*477 Before Judges MATTHEWS, ANTELL and FRANCIS.
Ronald M. Kaplan argued the cause for appellant Fitzgerald (Joseph C. Doren, attorney).
George P. Cook, Deputy Attorney General, argued the cause for respondent Division of Motor Vehicles (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
This is an appeal from a final decision of the Director of the Division of Motor Vehicles, revoking appellant Fitzgerald's authority to serve as motor vehicle agent in Dunellen, Middlesex County. Appellant's request for emergent relief to stay that order was denied by this court on December 10, 1982. In the interest of all parties concerned, we agreed to hear the appeal on an accelerated basis and scheduled oral argument for January 25, 1983.
Appellant was designated to serve as motor vehicle agent in Dunellen on September 17, 1967 by a former Division Director, and has served as the designated agent in Dunellen for the past 15 years. On November 8, 1982 appellant was advised by the current Director that his agency was being terminated effective the close of the business day on December 10, 1982. On November 9, 1982 the Director designated another as the new motor vehicle agent for Dunellen effective December 13, 1982, who has been serving as the agent in Dunellen since that date.
Appellant is the holder of an exempt fireman's certificate and contends that his agency cannot be revoked by the Director *478 except for "good cause after a fair and impartial hearing." N.J.S.A. 40A:14-60. The sole issue presented in this appeal is whether that exempt fireman's certificate protects him from removal under N.J.S.A. 39:3-3.
The appointment and removal powers of the Director of Motor Vehicles over motor vehicle agents are set out in N.J.S.A. 39:3-3. Pursuant to that statute:
The director shall designate at least 1 person in each county for each 300,000 inhabitants or fraction thereof to be his agent for the registering of motor vehicles, issuing registration certificates and licensing of drivers, subject to the requirements of this subtitle and to any rules and regulations the director imposes. The agent shall so act until his authority is revoked by the director. All moneys received by such agents for the registrations and licenses granted under the provisions of this chapter shall forthwith be deposited as received with the State Treasurer. The fee allowed the agent for registration certificates issued by him and for every license granted by him shall be fixed by the director on the basis of the registration or license fees collected by the agent. The director may limit the fee so paid to a maximum. Such fee shall be paid to the agent by the State Treasurer upon the voucher of the director in the same manner as other State expenses are paid. [emphasis supplied]
Appellant contends that N.J.S.A. 39:3-3 cannot be applied in this instance due to the fact that he holds an exempt fireman's certificate. In support of his position he relies on N.J.S.A. 40A:14-60, which provides:
Whenever any person possessing an exempt fireman certificate holds an office, position or employment of the State, or a county or municipality or a school board or board of education for an indeterminate term, such person shall hold his office, position or employment during good behavior and shall not be removed therefrom for political reasons but only for good cause after a fair and impartial hearing. [Emphasis supplied]
The threshold question is whether appellant holds an "office, position or employment of the State" and thus is entitled to protection under the act.
In Carluccio v. Ferber, 18 N.J. Super. 473 (App.Div. 1952), this court was faced with the related issue of whether a motor vehicle agent was protected from dismissal under the provisions of the Veterans' Tenure Act, N.J.S.A. 38:16-1 et seq. In refusing to apply the Veterans' Tenure Act to motor vehicle agents, we held:
It is our opinion that an agent designated under R.S. 39:3-3 is not a person "holding any employment, position or office under the government of this state" *479 and "receiving a salary from such state" within the intendment of the Veterans' Tenure Act. [at 476]
The court continued by stating that the "manner in which the Legislature established the office of Director of Motor Vehicles as regards the latter's agents ... plainly evince a legislative purpose to exclude the agents from the application of the Veterans' Tenure Act." Ibid. "The legislative intention was to give the Director full rein to control the tenure of his agents and to appoint and remove at his pleasure." Id. at 477.
Appellant asks us to distinguish Carluccio based on a slight variation in language between the Veterans' Tenure Act and the Exempt Firemen's Tenure Act. The Veterans' Tenure Act provides, in part:

No person holding any employment, position or office under the government of this State, or the government of any county or municipality, including any person employed by a school board or board of education, or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now fixed by law, and receiving a salary from such State, county or municipality, including any person employed by a school board or board of education, who has served as a soldier, sailor, marine or nurse, in any war of the United States, or in the New Jersey State militia during the period of the World War, and has been honorably discharged from the service of the United States or from such militia, prior to or during such employment in or occupancy of such position or office, shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons. [N.J.S.A. 38:16-1; emphasis supplied]
Appellant contends that the major difference between the two statutes is the requirement of "salary," that condition being absent from N.J.S.A. 40A:14-60. We are asked to decide whether the Legislature intended to grant exempt firemen greater tenure privileges than veterans based on this distinction, or whether the two acts should be construed harmoniously to grant comparable rights to both classes irrespective of such language variations.
The "veteran's and firemen's tenure acts have existed for many years and are `identical in form and substance.'" Smith v. Bergen Cty. Freeholder Bd., 139 N.J. Super. 229, 232 (Law.Div. 1976), aff'd o.b. 146 N.J. Super. 45 (App.Div. 1977); *480 Muccio v. Cronin, 135 N.J. Super. 315, 322 (Law Div. 1975). Both acts have a similar purpose, equatable language and seek to achieve the same overall legislative aim. Ibid. Therefore, "they should and must be read in pari materia." Mimkon v. Ford, 66 N.J. 426, 433 (1975).[1] Our courts have consistently held that "[s]tatutes and regulations in pari materia are to be construed together when helpful in resolving doubts or uncertainties in the ascertainment of legislative intent." Boyle v. Riti, 175 N.J. Super. 158, 165 (App.Div. 1980). It follows, then, if a motor vehicle agent is not entitled to tenure under the Veterans' Tenure Act, then the applicability of the doctrine of in pari materia demands a consistent result under the Exempt Firemen's Tenure Act. Ibid.
Furthermore, it is evident that our courts have not hesitated to draw on precedents under the Veterans' Tenure Act in determining the applicability of the Exempt Firemen's Tenure Act to a particular set of circumstances. See Muccio v. Cronin, supra, 135 N.J. Super. 315. There the court was faced with the issue of whether a county investigator was entitled to protection under the Exempt Firemen's Tenure Act. In holding that statute inapplicable, the court relied principally on the Supreme Court's parallel ruling in Brennan v. Byrne, 31 N.J. 333 (1960) (holding that a county investigator was not entitled to protection under Veterans' Tenure Act), concluding:
The provisions of the Veterans' and Exempt Firemen's Tenure Acts being equatable as to form and substance, Maxwell [v. Bd. of Com'rs of City of Wildwood], supra 111 N.J.L. [181] at 184, it follows that the restriction to the former's applicability enunciated in Brennan pertains to the latter as well. See Ackley v. Norcross, 122 N.J.L. 569 (Sup.Ct. 1939), aff'd o.b. 124 N.J.L. 133 (E. & A. 1940). [135 N.J. Super. at 321]
The same reasoning applies in this case. Since the provisions of the Veterans' and Exempt Firemen's Tenure Acts are "equatable *481 as to form and substance," then the restriction as to the former's applicability enunciated in Carluccio pertains to the latter as well.
The inapplicability of the Exempt Firemen's Tenure Act to motor vehicle agents may also be shown by utilization of the rule of construction that
... where one statute deals with a subject in general and comprehensive terms and another deals with a portion of the same subject in a more minute and definite way, any unharmonizable conflict between the two will be resolved in favor of the latter's prevalence, absent a contrary legislative intent appearing. [Muccio v. Cronin, 135 N.J. Super. at 327]
See, also, Kingsley v. Wes Outdoor Advertising, 55 N.J. 336, 339 (1970); Brennan v. Byrne, 31 N.J. at 333; 82 C.J.S., Statutes, § 369 at 843-844. Applying this rule to the present facts leads to the conclusion of nontenure. N.J.S.A. 40A:14-60 is general in language and scope, making no specific reference to motor vehicle agents. However, N.J.S.A. 39:3-3, the pertinent part of which remains unchanged since Carluccio, deals specifically with motor vehicle agents' appointment, removal, fees and duties. Smith v. Bergen Cty. Freeholder Bd., 139 N.J. Super. at 236; Muccio v. Cronin, 135 N.J. Super. at 325.
Finally, the legislative history of the Exempt Firemen's Tenure Act is also in accord with that approach. The act finds its immediate source in N.J.S.A. 40:47-60 (L. 1911, c. 212, as amended L. 67, c. 291) which also contained a "salary" requirement. However, with the general revision of Title 40 in 1970, N.J.S.A. 40:47-60 was repealed and replaced by N.J.S.A. 40A:14-60, and the language pertaining to "salary" was deleted at that time. If we were to accept appellant's argument, we would have to conclude that the 1970 amendments were specifically intended to expand the scope of the exempt firemen's tenure provision. This argument was previously rejected by us in Bialkowski v. Ridgefield, 120 N.J. Super. 194 (App.Div. 1972):
Contrary to the contention of the plaintiff, there is nothing in the 1970 revision of Chapter 47 of Title 40, and specifically the sections dealing with tenure of persons holding exempt fireman certificates ... which indicates any legislative intent to "change the pre-existing scheme." [at 197; citation omitted]
*482 By their nature, motor vehicle agencies are independently run operations managed by independent contractors who are not subject to the benefits and protection of the State's pension and tenure statutes and who are remunerated on a commission basis. While there may be some minor variation in arrangement, phraseology and sentence structure between the Veterans' Tenure Act and the Exempt Firemen's Tenure Act, these two statutes are clearly in pari materia and must be so construed in order to achieve a singular legislative purpose. The Legislature is "presumed to know the judicial effect given the language of the Veterans' Tenure Act" in Carluccio, as well as the "Firemen's Act's linguistical parallelism thereto." Muccio v. Cronin, 135 N.J. Super. at 325. However, when the Legislature adopted its general revision to Title 40 in 1971, repealing N.J.S.A. 40:47-60 and adopting N.J.S.A. 40A:14-60, it made no attempt to repudiate the Carluccio decision. The absence of any radical alteration in the language of N.J.S.A. 40A:14-60 expressing legislative repudiation of Carluccio, or a comment or statement annexed to the bill so doing, is indicative that the result there is in accord with the legislative intent as to N.J.S.A. 40A:14-60.
The decision of the Director of Motor Vehicles is affirmed.
NOTES
[1] In contrast, appellant's claim that N.J.S.A. 39:3-3 and the Exempt Firemen's Tenure Act should be read in pari materia must be rejected based on the totally dissimilar nature of those statutes. "[L]aws enacted for wholly different ends will normally not justify applying the rule." State v. DiCarlo, 67 N.J. 321 (1975).