**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3315-15T2

CANDICE LINZMAYER,

    Petitioner-Appellant,

v.

KEYPORT BOARD OF EDUCATION,

    Respondent-Respondent.

_____

        Submitted September 12, 2017 — Decided September 29, 2017

        Before Judges Hoffman and Gilson.

        On appeal from the Department of Labor and
        Workforce Development, Division of Workers'
        Compensation, Claim Petition Nos. 2012-7471
        and 2012-7476.

        Shebell & Shebell, LLC, attorneys for
        appellant (Danielle S. Chandonnet, of counsel
        and on the brief).

        Brown & Connery, LLP, attorneys for respondent
        (Deborah C. Brennan, of counsel and on the
        brief).

PER CURIAM

    Petitioner Candice Linzmayer appeals from a March 4, 2016

order of the Division of Workers' Compensation (Division) denying

her claims for medical and temporary disability benefits.  We

affirm because the Division's decision was supported by sufficient credible evidence and credibility findings made after a trial.

I.

Petitioner was a math teacher at Keyport High School from 2006 until December 2011. Her claims for Workers' Compensation benefits are based on an incident that occurred on January 14, 2011 (the January 2011 incident). Petitioner claims that she was assaulted by a student and sustained physical and psychological injuries. She filed claims for medical and temporary disability benefits that her employer, the Keyport Board of Education (employer), denied.

A Workers' Compensation judge conducted a trial on the claims. Petitioner testified and presented the testimony of two lay witnesses, and two expert witnesses. Her employer presented testimony from the high school principal and vice principal, and two expert witnesses.

Petitioner testified that on January 14, 2011, she was assigned to monitor the girls' locker room and had been instructed that only students who were in gym class were allowed to use the bathroom in the locker room. A female student, who was not in gym class, came into the locker room and petitioner informed her that she could not use the bathroom. According to petitioner, the student became upset and assaulted petitioner by pushing her and

causing her to fall into the wall. The student then repeatedly hit petitioner in her head and neck. Petitioner went on to testify that she reported the assault to the principal and vice principal, as well as the police. The student was suspended for ten days.

Following the January 2011 incident, petitioner claimed that she experienced significant and worsening back and neck pain, as well as anxiety and stress. Petitioner received treatment from her primary care physician, as well as several specialists. She acknowledged that she never sought treatment through the Workers' Compensation system until she filed her first claim in April 2012.

The teacher union president and vice president were called to testify on petitioner's behalf. Both union officials testified that petitioner informed them of the incident after it occurred. Neither witness stated that petitioner complained about significant injuries, nor did petitioner request medical treatment through Workers' Compensation. The president of the union also explained that petitioner had been under investigation for poor performance and tardiness. Ultimately, petitioner worked out an agreement under which she resigned her position rather than contest potential tenure charges that could have led to a suspension of her teaching license.

The employer acknowledged that there was an incident on January 14, 2011, but disputed that petitioner had suffered any

A-3315-15T2

injuries.  In that regard, the principal testified that petitioner reported the incident to him and the vice principal, but described the incident as simply a student pushing by her.  Both the principal and vice principal testified that they did not observe any injuries to petitioner on the day of the incident and that petitioner never complained of any physical or psychological problems related to the January 2011 incident.

The experts who testified on behalf of petitioner were medical experts, with expertise in orthopedic medicine and psychiatry. Petitioner's medical expert diagnosed her with facial, cervical, thoracic and lumbar contusions, a severe strain of the cervical, dorsal and lumbosacral musculature, and opined that those injuries were related to the January 2011 incident.  That expert recommended that she undergo MRIs, EMGs, pain management, physical therapy, and neurological consultations.

Petitioner's psychiatric expert opined that she was experiencing significant psychiatric impairments, chronic pain, anxiety, and post-traumatic stress disorder.  He opined that petitioner should receive psychotropic medication and at least six months of counseling.

The experts called on behalf of the employer presented markedly different opinions.  The employer called a medical expert specializing in pain management.  That expert opined that

4                    A-3315-15T2

petitioner's physical symptoms were not supported by tests and that she did not require additional treatment. The employer's second medical expert was board certified in psychiatry and neurology. He diagnosed petitioner with chronic pain syndrome and adjustment disorder with mixed emotions, but opined that those problems were not attributable to the January 2011 incident. He also opined that petitioner had no need for psychiatric treatment as a result of her work.

After hearing the testimony at trial, the compensation judge found petitioner to be incredible. He also found that petitioner's lay and expert witnesses did not support her claims. In contrast, the compensation judge found the expert testimony presented on behalf of the employer to be credible and persuasive. Relying on the testimony of the employer's experts, the compensation judge found that petitioner's alleged medical and psychiatric symptoms were not related to her employment. Accordingly, on March 4, 2016, the compensation judge entered an order denying petitioner's motions for medical and temporary benefits.

## II.

On appeal, petitioner makes two arguments. First, she contends that the denial of her request for medical treatment is against the weight of the evidence presented at trial. Second, she argues that the compensation judge erred in relying on the

testimony of the principal because the principal was not present when the incident occurred. We are not persuaded by either of petitioner's arguments.

Our role in reviewing a Workers' Compensation decision is limited to examining "whether the findings made could reasonably have been reached on sufficient credible evidence presented in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witness to judge of their credibility." Lindquist v. City of Jersey City Fire Dept., 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). We give such factual findings "substantial deference." Bellino v. Verizon Wireless, 435 N.J. Super. 85, 94 (App. Div. 2014) (citing Ramos v. M&F Fashions, Inc., 154 N.J. 583, 594 (1998)). We will only disturb the compensation judge's decision if it is "manifestly unsupported by or inconsistent with competent[,] relevant and reasonable credible evidence as to offend the interests of justice." Lindquist, supra, 175 N.J. at 262 (quoting Perez v. Monmouth Cablevision, 278 N.J. Super. 275, 282 (App. Div. 1994), certif. denied, 140 N.J. 277 (1995)).

Here, there was sufficient evidence for the compensation judge to deny petitioner's claims. Petitioner first argues that the compensation judge's rejection of her medical claims was against the weight of the evidence at trial. In essence,

petitioner is asking us to independently evaluate the conflicting expert testimony and reach a conclusion different from the compensation judge. Our standard of review does not permit such a result. Moreover, the record does not support such an argument.

A compensation judge has expertise in weighing the testimony of competing experts and assessing the validity of the claim. Ramos, supra, 154 N.J. at 598. The judge is "not bound by the conclusional opinions of any one or more, or all of the medical experts." Bellino, supra, 435 N.J. Super. at 95 (quoting Kaneh v. Sunshine Biscuits, 321 N.J. Super. 507, 511 (App. Div. 1999)). We will not reverse a judgment simply because the judge gave more weight to the opinion of one physician over the other. Smith v. John L. Montgomery Nursing Home, 327 N.J. Super. 575, 579 (App. Div. 2000).

As previously discussed, four medical experts testified at trial: two for petitioner and two for the employer. The compensation judge rejected the testimony of petitioner's two expert witnesses explaining that their opinions were based on petitioner's version of the assault and that the experts failed to conduct appropriate tests and reviews of medical records. In contrast, the compensation judge accepted the testimony of the two medical experts who testified on behalf of the employer. Relying on the opinion of those experts, the compensation judge found that

petitioner's medical conditions were not caused or related to her employment at Keyport High School. That finding was not against the weight of the evidence. Instead, the finding was supported by the testimony of two experts who the compensation judge found to be credible based on their examination of petitioner, the tests they conducted, and their review of petitioner's medical records.

Petitioner also argues that the compensation judge erred by relying on the testimony of the principal. Specifically, petitioner argues that because the principal was not present when petitioner was assaulted by the student, the compensation judge erred by relying on the principal's testimony concerning what happened during the incident. The principal's testimony, however, was based on what the petitioner told him. As such, the testimony was admissible hearsay of a party opponent. N.J.R.E. 803(b)(1). Thus, the compensation judge appropriately relied on the principal's testimony.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-3315-15T2