**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0944-19

CYNTHIA HAVILAND,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Submitted February 24, 2021 – Decided March 23, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-1168071.

Louis W. Boltik, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Connor V. Martin, Deputy Attorney General, on the brief).

PER CURIAM

Cynthia Haviland appeals from a September 20, 2019 final decision of the Board of Trustees (Board) of the Public Employees' Retirement System denying her application for ordinary disability retirement benefits, N.J.S.A. 43:15A-42. We affirm.

We discern the following facts from the record. Haviland is a fifty-five-year-old woman who was employed as a confidential secretary to the superintendent of Rancocas Valley Regional High School beginning in 2002. Her duties included: managing appointments for the superintendent; maintaining information such as report cards, fall surveys, and NJSMART reports; preparing spreadsheets; and performing any other necessary clerical work to support supervisors. These tasks required Haviland to spend most of the day sitting behind a computer.

In 2012, Haviland began to exhibit various symptomology which included numbness in her leg, back pain, and neck pain that radiated down to her arm. She described her neck and back pain as a "constant throbbing," almost "like knives [are] stabbing you . . . ." After unsuccessful attempts to allay this symptomology,[1] her family physician ordered an MRI and subsequently referred

_____

[1] Haviland was prescribed pain pills and received epidural shots in both her back and neck.

A-0944-19

her to a neurosurgeon, Dr. Francis Pizzi. The MRI revealed multi-level degenerative changes, a bulging disc, and foraminal stenosis in her lower lumbar spine.

In November 2012, Haviland underwent an L5-S1 microdiscectomy. Almost a year later, she underwent C5-6/C6-7 anterior cervical discectomy and fusion. In 2015, Haviland decided to stop working because, notwithstanding the surgeries, she was still in pain.

Thereafter, Haviland applied for ordinary disability retirement benefits effective February 1, 2015. On August 19, 2015, the Board denied Haviland's application on the grounds that she was not totally and permanently disabled from the performance of her regular and assigned duties. Following the denial of her application, Haviland appealed the Board's decision and the matter was transferred to the Office of Administrative Law as a contested case. See N.J.S.A. 52:14B-9, -10.

A two-day plenary hearing was conducted before an Administrative Law Judge (ALJ). Haviland testified on her own behalf. Two expert witnesses also testified.[2] Dr. Andrew J. Collier, Jr. testified for Haviland. Dr. Arnold T. Berman testified on behalf of the Board.

---

[2] The parties agreed that both were qualified as experts in orthopedic surgery.

Dr. Collier opined that, based on Haviland's complaints, she was still symptomatic and had difficulty with certain tasks including computer work. Dr. Collier's January 3, 2018 examination, which included both a Spurling compression test and straight leg raise test, triggered pain in Haviland's neck and back but no radicular symptoms. Dr. Collier concluded that, within a reasonable degree of medical certainty, Haviland could not perform her job because it required too much sitting. On cross-examination, Dr. Collier acknowledged that the range of motion tests used during his evaluation had subjective components. Dr. Collier also conceded that Haviland's surgical procedures were "successful" and mitigated "most" of her radicular complaints.

Dr. Berman, on the other hand, concluded that Haviland was able to perform her duties as secretary because she had excellent surgical results in both her lumbar and cervical spine and therefore had no loss of function. Dr. Berman testified that his June 5, 2015 independent medical examination, which also included Spurling and straight leg raise tests, revealed no radiculopathy. The results from the Jamar strength testing device were normal. Dr. Berman testified that, after reviewing Haviland's medical records, there was "no evidence of radiculopathy radiologically."

4

On August 2, 2019, the ALJ issued a written decision affirming the Board's denial of Haviland's application for ordinary disability retirement benefits. Although the ALJ found both Dr. Collier and Dr. Berman to be credible, he gave greater weight to Dr. Berman's testimony because Dr. Collier's examination occurred three years after Haviland filed for disability and Dr. Collier's conclusions were "more rooted in his observation." On September 20, 2019, the Board adopted the ALJ's decision. This appeal ensued.

Our review of an administrative agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Messick v. Bd. of Rev., 420 N.J. Super. 321, 324 (App. Div. 2011). An agency determination should not be reversed "unless it is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting Prado v. State, 186 N.J. 413, 427 (2006)). However, we review an agency's legal interpretations de novo. Id. at 172. The party challenging the administrative determination bears the burden of proof. Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980) (citations omitted).

The statute governing ordinary disability retirement, N.J.S.A. 43:15A-42, reads, in part, that:

> A member, under [sixty] years of age, who has [ten] or
> more years of credit for New Jersey service, shall, upon

the application of the head of the department in which he shall have been employed or upon his own application or the application of one acting in his behalf, be retired for ordinary disability by the board of trustees. The physician or physicians designated by the board shall have first made a medical examination of him at his residence or at any other place mutually agreed upon and shall have certified to the board that the member is physically or mentally incapacitated for the performance of duty and should be retired.

"The applicant for ordinary disability retirement benefits has the burden to prove that he or she has a disabling condition and must produce expert evidence to sustain this burden." Bueno v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008) (citing Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 50-51 (2008)).

On appeal, Haviland argues that her medical records and the certification of Dr. Pizzi, coupled with Dr. Collier's testimony, satisfied the burden of proof to establish she was totally and permanently disabled. Applying our deferential standard of review, we are constrained to disagree.

"[T]he weight to be given to the evidence of experts is within the competence of the fact-finder." LaBracio Fam. P'ship v. 1239 Roosevelt Ave., Inc., 340 N.J. Super. 155, 165 (App. Div. 2001); see also Angel v. Rand Express Lines, Inc., 66 N.J. Super. 77, 85-86 (App. Div. 1961) ("the credibility of the expert and the weight to be accorded his testimony rests in the domain of the

trier of fact.") (citation omitted). "Indeed, a judge is not obligated to accept an expert's opinion, even if the expert was 'impressive.'" State v. M.J.K., 369 N.J. Super. 532, 549 (App. Div. 2004) (quoting State v. Carpenter, 268 N.J. Super. 378, 383 (App. Div. 1993)). In that regard, "[t]he factfinder may accept some of the expert's testimony and reject the rest." Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001) (citing Todd v. Sheridan, 268 N.J. Super. 387, 401 (App. Div. 1993)). "That is, a factfinder is not bound to accept the testimony of an expert witness, even if it is unrebutted by any other evidence." Id. at 431 (citing Johnson v. Am. Homestead Mortg. Corp., 306 N.J. Super. 429, 438 (App. Div. 1997)).

Having reviewed the record, we are satisfied the Board's decision is supported by sufficient credible evidence, R. 2:11-3(e)(1)(D), and is not arbitrary, capricious or unreasonable. Faced with competing expert testimony, the ALJ ultimately found Berman to be more credible. Deference is appropriate where, as here, the "evidence is largely testimonial and involves questions of credibility." In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)). Moreover, affording "more weight to the opinion of one physician as opposed to the other

7

provides no reason to reverse [a] judgment."  Smith v. John L. Montgomery
Nursing Home, 327 N.J. Super. 575, 579 (App. Div. 2000).

   Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8