175 N.J. Super. 158 (1980)
417 A.2d 1091
PETER BOYLE, JOAN BOYLE, PLAINTIFFS-APPELLANTS,
v.
G. THOMAS RITI, DIRECTOR, NEW JERSEY DIVISION OF PUBLIC WELFARE, AND MIDDLESEX COUNTY WELFARE BOARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 2, 1980.
Decided July 21, 1980.
*160 Before Judges FRITZ, KOLE and LANE.
Stephen M. Latimer, Camden Regional Legal Services, Inc., attorney for appellants (Phyllis G. Warren on the brief).
*161 John J. Degnan, Attorney General of New Jersey, attorney for respondent State of New Jersey, Department of Human Services, Division of Public Welfare (Stephen Skillman, Assistant Attorney General, of counsel; Barbara A. Harned, Deputy Attorney General, on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is an appeal from a determination in the Division of Public Welfare denying one month's benefits to appellants in connection with their application for Aid to Families with Dependent Children (AFDC). We dispose of the appeal on appellants' motion for summary disposition (R. 2:8-3) which we grant even though we have no transcript of the hearing below since both parties agree that procedure seems appropriate, none of the material facts in this case are at issue (as appellants note at the very beginning of their brief) and the question, though novel, is not complex. Was the agency correct in determining eligibility on the basis of the applicants' resources at a time during the calendar month prior to the application or should eligibility be determined on the basis of resources in hand as of the date of the application? This is the only issue we here decide. We are persuaded that the agency approach is mandated by law and accordingly we affirm.
On September 26, 1979 appellant Peter Boyle was discharged from his employment as a truck driver because he was "guilty of an assault." On October 1, 1979 he deposited his final pay check, amounting to $300, in his checking account, bringing the balance of that account to $585.65. Between that date and October 5, 1979 appellants wrote checks reducing that balance to $5.21.[1]
*162 On October 5, 1979 appellants applied for AFDC assistance for themselves and their three children through the Middlesex County Board of Social Services (Board). At that time they requested emergency assistance. They were advised that it was possible for them to receive a check the next business day, October 9, 1979, depending upon verification of the bank balances as of October 1, 1979.
On October 9 the Board determined that Peter and Joan Boyle were ineligible for assistance for one month due to the fact that Mr. Boyle's actions had caused his unemployment. This ruling is not challenged on appeal.
With regard to the eligibility of appellants' three children, the Board determined that the "available resources" of appellants during the month of October 1979 exceeded the standard allowance of $224 for three persons set by N.J.A.C. 10:82-1.2 by virtue of the $585 checking account balance on the first day of that month. Beyond this, later testimony from an "agency representative" at a hearing before an administrative law judge advises that since Peter Boyle received a salary check of $300 on October 1, 1979 for the employment that terminated in September 1979, ineligibility appeared even after the "$60 disregard" of N.J.A.C. 10:82-2.11(a)3. Therefore, the Board ruled that appellants' three children were also ineligible for AFDC assistance for the month of October.[2]
On October 10, 1979 appellants requested a "fair hearing" pursuant to N.J.A.C. 10:81-6.1 et seq. to review the Board's determination. This hearing was held before an administrative law judge, who reversed the determination of the Board. She concluded that although appellants "did not have eligibility for assistance on October 1, 1979" since their resources had exceeded the monthly standard allowance of $224 on that date, their depletion of these resources by the date of the application, October 5, 1979, to a point well below the monthly standard *163 allowance conferred eligibility for AFDC assistance for the three children for the last two-thirds of October, the period from October 11 to October 31, 1979.
The Board filed appropriate exceptions. Respondent, Director of the New Jersey Division of Public Welfare, rendered a final decision in which he reinstated the finding of ineligibility by the Board. This appeal followed.
The matter is somewhat confused by a tendency in the agency to treat income and resources as synonymous. The difficulty is more apparent than real. The simple question, as stated above, is whether the fact that the Boyles had more than $224 available on October 1, 1979 serves under the law to defeat eligibility of their children for AFDC assistance during that month. Appellants contend that the Board, in making its determination of initial eligibility, should have considered only the actual funds which appellants possessed on the date of their application for assistance, October 5, 1979.
An examination of the applicable regulations set forth in N.J.A.C. 10:81-1.1 et seq. leads us to reject appellants' contention. Under these regulations the need of an applicant's family is determined by comparing its income with the standard set by the regulations as representing the minimum amount which a family of its size would require to sustain itself for the month in question. If the income received by the family is more than the need, the family is ineligible for assistance. Motyka v. McCorkle, 58 N.J. 165, 170 (1971); N.J.A.C. 10:82-2.11.
On all new applications for AFDC assistance "initial financial eligibility must be established before a determination of the amount of the monthly grant can be made." N.J.A.C. 10:82-2.2. The procedure for establishing initial eligibility for assistance when both parents are in the home, but there is insufficient income, is set forth in N.J.A.C. 10:82-2.11 which provides:
(a) Initial eligibility rules are:
1. Identify the number of persons in the eligible unit;
2. Use schedule II to determine the appropriate public assistance allowance;
3. Identify all income as in section 1 of this subchapter. To establish amount of calculated earned income, determine gross earned income and deduct the first *164 $60.00 for each employed person, provided, however, that each such person earns a minimum of $60.00. If earnings of any individual are less than $60.00, disregard such earnings. This initial disregard only shall be deducted in determining the calculated earned income for initial eligibility, unless subchapter 4 of this chapter is applicable;
4. When there is an adjusted allowance of any amount, eligibility is established. Determination of the amount of monthly grant must then be made in accordance with section 1 of this subchapter;
5. When total income as computed in paragraph 3 above equals or exceeds the public assistance allowance, the family is not eligible for assistance.
In establishing the amount of calculated earned income referred to in N.J.A.C. 10:82-2.11, the agency must "consider all income and resources of the eligible unit." N.J.A.C. 10:82-3.1. The amount of the calculated earned income is "based on monthly gross earnings." N.J.A.C. 10:82-2.14. Appellants do not dispute that "earnings" would include all funds available to them, such as those in a checking account. It is to be observed that the standard allowance with which an applicant's calculated earned income is to be compared is determined on a monthly basis and the amount of the grant of assistance to the family is determined on a monthly basis. N.J.A.C. 10:82-1.2.
The clear intent of these regulations is that in determining eligibility the Board consider all of the resources which an applicant has available to him during the entire month of his initial application. In the case at hand, appellants had $585.65 available to them on October 1, 1979. Even when the $60 "income disregard" is subtracted from this figure, as required by N.J.A.C. 10:82-2.11, the balance is well above the standard allowance of $224. We are satisfied that the Board did not err in ruling that appellants' children were ineligible for AFDC assistance for the month of October 1979.
Such a determination is in accord with the applicable federal regulations. Under these regulations "the State agency shall establish eligibility based on its best estimate of income and circumstances which will exist in the month for which the assistance payment is made." 45 C.F.R. § 233.22 (emphasis added).
Appellants' reliance upon N.J.A.C. 10:82-3.1, N.J.A.C. 10:82-4.1 and 45 C.F.R. § 233.20(a)(3)(ii)(D) is misplaced. Utilizing *165 these provisions appellants reason that the calculated earned income upon which the monthly allowance is based must be "immediately obtainable" and "readily available" to meet the needs of the eligible unit. From this appellants argue that since by the date of their application for assistance they had spent all but some $5 of the $585.65 contained in their checking account four days previously, the disbursed funds were no longer "readily available" to meet appellants' needs for the month of October. They assert that accordingly the Board erred in considering the money already spent in October in its determination of ineligibility.
We are not persuaded. Statutes and regulations in pari materia are to be construed together when helpful in resolving doubts or uncertainties in the ascertainment of legislative intent. Brewer v. Porch, 53 N.J. 167, 174 (1969). "Where statutes in some apparent conflict relate to the same subject matter, it is the duty of the court to construe them together as a unitary and harmonious whole insofar as that may be possible in order that each may be fully effective." Lawrence v. Butcher, 130 N.J. Super. 209, 212 (App.Div. 1974). With appropriate consideration for these established rules of statutory construction, we are satisfied that the funds in appellants' checking account on October 1, 1979 were "readily available to meet the needs of the eligible unit" (N.J.A.C. 10:82-4.1) during the month of October 1979 and, therefore, were properly considered by the Board. Appellants' thesis, that the Board, in determining eligibility, may consider only resources which are actually in the possession of an applicant on the date of application, would enable any applicant, regardless of his income, to deplete all of his resources and then obtain AFDC assistance each month. Beyond this, in such an effort the Board would thereby also be prevented from considering any income to be received by the applicant later in the month of application until such time as that income was actually received. These results are clearly not within the intendment of the applicable regulations. "Interpretations which lead to absurd or unreasonable results are... to be avoided ... and so far as the terms of the legislation *166 and proper consideration of the interests of those subject to it will fairly permit, the statutory objective is to be fulfilled." State v. Gill, 47 N.J. 441, 444 (1966).
It is well established that a presumption of reasonableness attaches to the action of an administrative agency and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious. In re Commuter Operating Agency's Determination, 166 N.J. Super. 430, 435 (App.Div. 1979), certif. den. 81 N.J. 261 (1979), cross-petition for certif. den. 81 N.J. 262 (1979); In re Matter of Public Hearings, 142 N.J. Super. 136, 156 (App.Div. 1976), certif. den. 72 N.J. 457 (1976). Further, contemporaneous construction of and the practical interpretation given to a statute by the administrative agency charged with the effectuation of that statute are available aids to the court in its efforts to construe a statute, should there be doubt. Malone v. Fender, 80 N.J. 129, 137 (1979). Also, where the administrative record discloses a reasonable basis for findings and accordant administrative action, our duty is ordinarily to uphold such action. First S. & L. Ass'n of E. Paterson v. Howell, 87 N.J. Super. 318, 321 (App.Div. 1965), certif. den. 49 N.J. 368 (1967). Consideration for these unassailable propositions of law persuades us the administrative determination was correct.
Appellants also insist that the failure of the Division of Public Welfare adequately to state its conclusions of law constitutes a violation of the New Jersey Administrative Procedure Act. Except for the result, altered in the final determination for reasons explicitly enunciated, the Director incorporated the Initial Decision of the administrative law judge by express reference. Such an adoption of the findings which were made by the one who in the first instance heard the matter formally is neither uncommon nor improper. N.J.S.A. 52:14B-10(d). Respecting the conclusions, the manner in which the proofs  substantially agreed facts  were evaluated by the Director is not of great significance here because of the closely circumscribed nature of the question. The Director dealt head-on with the *167 precise question presented. Further, his conclusions, terse and succinct as they are, contain an articulate and cogently clear statement as to the basis for them. This is all that is required. St. Vincent's Hospital v. Finley, 154 N.J. Super. 24 (App.Div. 1977). In view of the narrowness of the question, the total absence of any disagreement between the parties as to the material facts and our conviction that the Director was right as a matter of law, we see no reason at all to remand for an elaboration of that which is presently inescapably apparent.
Finally, we note appellants' contention that "the agency statement interpreting income to include any income during the calendar month of application is invalid based on the agency's failure to comply with the notice and hearing requirements of the New Jersey Administrative Procedure Act." That "statement" was a letter from a field representative of the Bureau of Local Operations of the Division of Public Welfare confirming to Mrs. Mary Hollis, the Director of the Middlesex County Welfare Board, a "conversation" the field representative had had with one Angie Mackaronis, presumably an employee of that Board. The issue is clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] Appellants had drawn three checks to grocery stores, totalling $103.93, one check to New Jersey Bell Telephone for $119.08, and one check to Public Service Electric & Gas for $131.02. Appellants had also made a mortgage payment of $172.96 and had paid $17.10 to a cable T.V. company. Other checks had been made out to "Cash."
[2] Appellants and their three children were found eligible for assistance commencing November 1, 1979 and, apparently, have received such assistance thereafter.