654 A.2d 471

P.P., PETITIONER–APPELLANT, v. NEW JERSEY DEPARTMENT
OF HUMAN SERVICES, DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES, RESPONDENT–RESPONDENT,
AND PASSAIC COUNTY BOARD OF SOCIAL SERVICES, RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 16, 1994—Decided December 29, 1994.

Before Judges SKILLMAN and KLEINER.

*Cary L. Winslow* argued the cause for petitioner-appellant (Passaic County Legal Aid Society, attorneys; *Mr. Winslow,* of counsel and on the brief).

*John K. Worthington,* Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Mr. Worthington,* on the brief).

The opinion of the court was delivered by

**KLEINER, J.A.D.**

Petitioner P.P. appeals a decision of the Director of Medical Assistance and Health Services which adopted a prior recommended decision of an administrative law judge, denying P.P.'s application for Medicaid benefits for her son predicated upon a determination that her income exceeded the threshold imposed by *N.J.A.C.* 10:72–4.1. The decision also concluded that the prospective budgeting method utilized to calculate eligibility, *N.J.A.C.* 10:82–1.10, was valid and not contrary to federal law. We affirm both components of that decision.

Pursuant to federal authority, 42 *U.S.C.A.* § 1396a, New Jersey has established its own Medicaid program, the Medical Assistance and Health Service Act, *N.J.S.A.* 30:4D–1 to –19. The program is administered by the Department of Human Services and particularly by the Division of Medical Assistance and Health Services. That department determines state income eligibility requirements. *N.J.S.A.* 30:4D–4, –5. The eligibility requirements of the Special Medicaid Program, *N.J.A.C.* 10:72–4.1 to –4.5, include a prospective budgeting process in evaluating an applicant's monthly income, *N.J.A.C.* 10:82–1.10(a). Those requirements are also based upon prescribed federal regulations, 45 *C.F.R.* §§ 233.33(a), 233.31(b)(1) (1993); *See* Medicaid Communication No. 93–12 (requiring use of a prospective budgeting method and an income multiplier to calculate gross monthly income). The state assistance handbook provides "[t]he best estimate of income is based on the family's and agency's reasonable expectations and knowledge of current, past and future circumstances. In determining the best estimate of income, the CWA[1] shall use income averaging. . . ." *N.J.A.C.* 10:81–1:10(b).

> The payment schedule of receipt of income by an AFDC individual occurs weekly, biweekly, or on a semi-monthly basis. The CWA shall convert the average income amount to a gross monthly amount by multiplying the averaged income amount by the appropriate conversion factor as follows: weekly amounts by 4.333; biweekly amounts by 2.167; and semi-monthly amounts by two.
>
> [*N.J.A.C.* 10:82–1.10(b)(3).]

---

[1] "CWA" is an abbreviation for County Welfare Agency.

Petitioner's appeal focuses upon the following facts. Petitioner, her husband and child live together. On the date of petitioner's application, the only income received by the family unit was petitioner's biweekly unemployment insurance benefits check of $650. When she applied for medical benefits for her son, petitioner's weekly income, $325, was multiplied by the income multiplier, 4.333, resulting in a calculated gross monthly income of $1,408.23. At that time, the threshold for a family of three to qualify for medical benefits was income below $1,318 per week. 58 *Fed.Reg.* 8286 (1993). Thus, petitioner's application was rejected.

Petitioner contends that an income multiplier should not have been used to determine her gross monthly income. There are only four weeks in ten months of each year. Her actual income in each of those ten months is $1,300. Petitioner argues that her son should be eligible for medical benefits in those ten months and should be disqualified in only two months of each year.

An income multiplier neither falsely imputes financial support nor overvalues assets of an applicant. The income multiplier is simply an averaging device which permits an agency to calculate an applicant's average monthly income when the applicant receives regular, fixed payments. By multiplying a seven-day payment by the 4.333 factor, respondent calculates income for a thirty and one-third day month instead of a twenty-eight day month. The income multiplier, in fact, yields a more accurate gross monthly income than petitioner's proposed "literally received" calculation.

The factor to be assessed in the review of each application is the applicant's "available income." As noted in *Schweiker v. Gray Panthers*, 453 *U.S.* 34, 48, 101 *S.Ct.* 2633, 2642, 69 *L.Ed.*2d 460, 472 (1981): "available income" is "different from [that] in hand." *Ibid.* We have previously utilized that concept, *Estate of G.E. v. Division of Medical Assistance and Health Servs.*, 271 *N.J.Super.* 229, 235, 638 *A.*2d 833 (App.Div.1994), and conclude

that it aptly applies here. The question is not whether the income is received; it is when the income is received. The fact that petitioner does not have the money in hand each day of the month does not mean that the money is not received for that month; it is merely received a few days later. The income multiplier works to reasonably average biweekly payments over a monthly period. The multiplier assumes that the month has more than twenty-eight days by multiplying a weekly payment by 4.333. In this manner, all applicants are either eligible or ineligible for the twelve-month calendar year.

■ Title XIX confers on states authority to adopt reasonable standards to implement their Medicaid programs. *See, e.g., Dougherty v. Dep't of Human Servs., Division of Medical Assistance and Health Servs.,* 179 *N.J.Super.* 541, 546, 432 *A.*2d 943 (App.Div.), *certif. granted,* 88 *N.J.* 495, 443 *A.*2d 709 (1981), *modified,* 91 *N.J.* 1, 449 *A.*2d 1235 (1982). 42 *U.S.C.A.* § 1396a(a)(17) confers to states the authority to provide "reasonable standards ... for determining eligibility." *Ibid. N.J.S.A.* 30:4D–4 confers authority to the Division to perform "administrative and operational functions" to implement the state Medicaid Act. *Ibid.* The income multiplier regulation, *N.J.A.C.* 10:82–1.10(b)(3), was promulgated as a result of the clear chain of cited statutory authority.

■ We must determine whether the regulation in this instance is arbitrary or capricious. Administrative regulations are presumed valid and reasonable. *Bergen Pines County Hosp. v. Dep't of Human Servs.,* 96 *N.J.* 456, 477, 476 *A.*2d 784 (1984) (citing *City of Newark v. Natural Resource Council,* 82 *N.J.* 530, 539–40, 414 *A.*2d 1304, *cert. denied,* 449 *U.S.* 983, 101 *S.Ct.* 400, 66 *L.Ed.*2d 245 (1980); *New Jersey Guild of Hearing Aid Dispensers v. Long,* 75 *N.J.* 544, 561, 384 *A.*2d 795 (1978); *Flanagan v. Civil Serv. Dep't,* 29 *N.J.* 1, 12, 148 *A.*2d 14 (1959)). *See also Boyle v. Riti,* 175 *N.J.Super.* 158, 166, 417 *A.*2d 1091 (App.Div.1980); *In re Matter of Public Hearings,* 142 *N.J.Super.* 136, 156, 361 *A.*2d 30 (App. Div.), *certif. denied,* 72 *N.J.* 457, 371 *A.*2d 62 (1976).

 Agencies are delegated broad authority because of their expertise. "The basic purpose of establishing agencies to consider and promulgate rules is to delegate the primary authority of implementing policy in a specialized area to governmental bodies with the staff, resources and expertise to understand and solve those specialized problems." *Bergen Pines Hosp., supra,* 96 *N.J.* at 474, 476 *A.2d* 784. An agency's delegated authority is particularly broad where the agency is concerned with public health and welfare. *New Jersey Ass'n of Health Care Facilities v. Finley,* 83 *N.J.* 67, 79, 415 *A.2d* 1147, *cert. denied sub nom. Wayne Haven Nursing Home v. Finley,* 449 *U.S.* 944, 101 *S.Ct.* 342, 66 *L.Ed.2d* 208 (1980).

 The burden, therefore, rests with petitioner to demonstrate that there is no reasonable basis for the Division's use of an income multiplier. She has failed to do so.

 In reviewing the decision of an administrative agency, our scope of review is limited to inquiring whether the agency action violates the enabling act's express or implied legislative policies, whether there is substantial evidence in the record to support the findings, and whether in applying the policy to the facts, there was clear error in reaching a conclusion that could not reasonably been reached upon the relevant facts. *Barone v. Department of Human Servs.,* 210 *N.J.Super.* 276, 285, 509 *A.2d* 786 (App.Div.1986), *aff'd,* 107 *N.J.* 355, 526 *A.2d* 1055 (1987). *See also Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–80, 410 *A.2d* 686 (1980); *Public Service Elec. and Gas Co. v. Department of Envtl. Protection,* 101 *N.J.* 95, 103, 501 *A.2d* 125 (1985).

We conclude that the decision on appeal meets these criteria. That decision is affirmed.[2]

---

[2] Having concluded that the decision of the Division of Medical Assistance and Health Services should be affirmed, petitioner's claim for an award of attorney's fees pursuant to 42 *U.S.C.A.* § 1988 is moot, as petitioner is not a prevailing party. We need not determine whether petitioner's claim was valid or ever cognizable as a component of this appeal. *Maisonet v. Department of Human*

*Servs.*, 274 *N.J.Super.* 228, 231–32, 643 A.2d 1038 (App.Div.1994), *certif. granted,*
138 *N.J.* 265, 649 A.2d 1286 (1994).