**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4258-16T4

IN THE MATTER OF
DENIAL OF WAIVER FOR
ALBERTO SANCHEZ.

_____

Argued August 14, 2018 — Decided September 4, 2018

Before Judges Sumners and Gilson.

On appeal from the New Jersey Department of
Health, Office of Emergency Medical Services.

Matthew R. Streger argued the cause for
appellant (Keavney & Streger, attorneys;
Matthew R. Streger and Margaret A. Keavney,
of counsel and on the brief).

Stephen J. Slocum, Deputy Attorney General,
argued the cause for respondent (Gurbir S.
Grewal, Attorney General, attorney; Melissa H.
Raksa, Assistant Attorney General, of counsel;
Stephen J. Slocum, on the brief).

PER CURIAM

Appellant Alberto Sanchez appeals the final agency decision

of the Department of Health (DOH) denying his request to waive the

clinical training requirements of the Emergency Medical Services

Act (EMS Act), N.J.S.A. 26:2K-7 to -64, to allow him to sit for

the National Registry of Emergency Medical Technicians-Paramedic

Certification Examination. We affirm because we conclude that the DOH's decision was consistent with its governing regulations and was not arbitrary, capricious, or unreasonable.

On February 6, 2014, Sanchez started his didactic training, the first of the two-phase training process required by N.J.A.C. 8:41A-1.4 to obtain his paramedic certification. Upon starting the training process, he was required to complete it within thirty-six months, meaning before February 6, 2017. N.J.A.C. 8:41A-2.4(h). Sanchez successfully completed the didactic training on December 18, 2014, well within the eighteen-month requirement of N.J.A.C. 8:41a-2.4(g). Thereafter, he had another eighteen months to complete his clinical training requirements. N.J.A.C. 8:41a-2.4(g). When he was unable to complete his clinical training within that period, his request for a six-month extension under N.J.A.C. 8:41A-2.4(g) was granted on July 25, 2016, by the DOH's Office of Emergency Medical Services (OEMS); giving him until December 22, 2016, to complete his clinical training. The OEMS also reminded Sanchez that he had to complete the training process within thirty-six months of his training start date, but incorrectly stated that date was February 22, 2017, rather than February 6, 2017.

Despite obtaining an extension, Sanchez failed to timely complete his clinical training by not participating in at least

2

five cardiac arrest resuscitations and not successfully performing at least five defibrillations and synchronized cardioversions. N.J.A.C. 8:41A-2.6(a)(9) and (10). He only participated in three cardiac arrests, and failed to complete any defibrillations or cardioversions. On February 28, 2017, he requested a waiver of these requirements under N.J.A.C. 8:41A-1.4, so that he could complete several cardiac arrest scenarios requiring unsynchronized cardiac defibrillations and synchronized cardioversions during a competency evaluation to be conducted the following week. The OEMS denied the waiver request on March 6, 2017, because under N.J.A.C. 8:41A-2.4, his training could not be extended beyond February 6, 2017 — thirty-six months of his starting date — and there were public health concerns if he was allowed more time.

A month later, Sanchez applied to the DOH for emergent relief to obtain a waiver of the requirements of N.J.A.C. 8:41A-2.6(a)(9) and ten (10) clinical requirements "conditioned on the customary conditions establishing competence in skill (cardiac arrest management and defibrillations/synchronized cardioversion)" so that he could seek to obtain his paramedic certification. In his supporting affidavit, he claimed that he stopped his training from February 2015 to July 2016, due to rumors, which the OEMS failed to squelch, that his training program would be invalidated. He maintained that he resumed the training program after learning

that the program was not invalidated,[1] and that other students from his program had achieved their paramedic certification. The DOH issued a final agency decision denying Sanchez relief; citing the absence of any contested facts requiring a hearing before the Office of Administrative Law and Sanchez's failure to complete his training within thirty-six-months of his start date.

On appeal, Sanchez argues:

> POINT I
>
> THE DEPARTMENT OF HEALTH'S DECISION TO DENY THE REQUESTED WAIVER OF THE MINIMUM NUMBER OF CARDIAC INTERVENTIONS WAS ARBITRARY, CAPRICIOUS, OR UNREASONABLE.
>
>> A.   The Department of Health's Action Violates Express or Implied Legislative Polices.
>>
>> B.   The Record Contains No Substantial Evidence To Support The Findings On Which The Department Of Health Based Its Action.
>>
>> C.   The Department Of Health's Denial Of the Waiver Was Not Reasonably Based On A Showing Of Any Relevant Factors.
>
> POINT II
>
> THE DEPARTMENT OF HEALTH'S DECISION TO DENY THE REQUESTED VOLUME WAIVER WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD AS A WHOLE.

---

[1]   OEMS issued a Proposed Notice of Revocation to the training program, but it was never revoked.

A-4258-16T4

POINT III

THE COMPLETE DENIAL OF MR. SANCHEZ'S ACCESS
TO THE LICENSING EXAM IS SO DISPROPORTIONATE
TO THE TECHNICAL ISSUE OF MISSING AN
ADMINISTRATIVE DEADLINE THAT IT MEETS THE
JURISPRUDENTIAL GROUND FOR REVERSAL.

POINT IV

MR. SANCHEZ HAS BEEN DENIED DUE PROCESS AFTER
HE WAS TERMINATED FROM THE DEPARTMENT
REGULATED TRAINING PROCESS.

> A. The Department's Denial Of This
> Waiver Is Tantamount To A Sanction On Mr.
> Sanchez Personally. (Not in record)
>
> B. The Department's History Of
> Granting Training Centers' Requests For
> Waiver Of The Required Number Of Patient
> Encounters As A Matter Of Course Raises
> It To The Level Of The Default Standard.
> (Not in record)
>
> C. The Department Denied A Waiver
> Request That Was Never Made, Precluding
> Any Process At All.

POINT V

THE DEPARTMENT ERRED IN DENYING ITS
JURISDICTION TO WAIVER THE 36-MONTH LIMIT.
(Not in record)

Appellate review of the DOH's decision is limited. <u>Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs.</u>, 210 N.J. Super. 276, 285 (App. Div. 1986). We have held that "[w]here [an] action of an administrative agency is challenged, 'a presumption of reasonableness attaches to the action of an

administrative agency[,] and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious.'" Barone, 210 N.J. Super. at 285(quoting Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980)). "Delegation of authority to an administrative agency is construed liberally when the agency is concerned with the protection of the health and welfare of the public." Ibid. Thus, this court's task is limited to deciding

> (1) whether the agency's decision offends the State or Federal Constitution; (2) whether the agency's action violates express or implied legislative policies; (3) whether the record contains substantial evidence to support the findings on which the agency based its action; and (4) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 339 (App. Div. 2009) (citation omitted).]

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). However,

"an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" Carter, 191 N.J. at 483 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). Indeed, an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The EMS Act provides broad authorization for the DOH to institute regulations concerning the training requirements for paramedic certification. N.J.S.A. 26:2K-8. In its written decision denying Sanchez a waiver of the clinical requirements for paramedic training, the DOH determined that, under N.J.S.A. 26:2K-9 and state and federal constitutions, there was no right to a hearing to contest its denial of a request to waive requirements of the paramedic training program. Nonetheless, the DOH addressed the merits of the waiver request. The DOH recognized that the OEMS mistakenly stated that Sanchez's thirty-six-month training period expired on February 22, 2017, instead of the correct date of February 6, 2017, but even with the former date, Sanchez's waiver request on February 28, 2017, was after the correct expiration date. In addition, the DOH ruled:

Not only is a waiver of the 36-month training period prohibited by regulation, the waiver was also contrary to public health and safety. The waiver was detrimental to public health because the skills and training Mr. Sanchez acquired during his three years of training have not been put into practice, thereby causing the retention of the skills and training to erode.

Applying the governing standards of review and legal principles, we conclude there exists substantial credible evidence in the record to support the DOH's findings, and that the final agency decision was not arbitrary, capricious, or unreasonable. We further add that we do not consider Sanchez's argument challenging the reasonableness of the thirty-six-month period under N.J.A.C. 8:41A-2.4(h) to complete his training because the argument was not raised before the DOH and it is not jurisdictional in nature nor does it substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION