**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1808-17T1

ZOZO MOAWAD,

     Appellant,

v.

CITY OF BAYONNE POLICE
DEPARTMENT (HUDSON),

     Respondent.

_____

Submitted October 23, 2018 – Decided November 13, 2018

Before Judges Fisher and Geiger.

On appeal from the New Jersey Government Records Council, GRC Complaint No. 2017-162.

Zozo Moawad, appellant pro se.

John F. Coffey, II, Law Director, attorney for respondent City of Bayonne Police Department (Susan Ferraro, Assistant City Attorney, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Government Records Council (Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Zozo Moawad appeals from the November 14, 2017 final decision of respondent Government Records Council (GRC), administratively dismissing the complaint because Moawad had never filed a request under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, with the City of Bayonne Police Department (BPD). We affirm.

Appellant filed an OPRA request with the Hudson County Prosecutor's Office (Prosecutor's Office) seeking police reports and criminal records pertaining to her from January 1, 2000 to present. In response, an assistant prosecutor informed appellant her OPRA request could not be fulfilled because it was overbroad and the request failed to identify the specific records sought with reasonable clarity. The assistant prosecutor requested appellant clarify the specific records sought.

After appellant clarified the records sought, the assistant prosecutor informed appellant the Prosecutor's Office did not have any responsive records. The assistant prosecutor further informed appellant that a search of the Prosecutor's Office database revealed appellant's name did not appear in any criminal matter.

Appellant then filed a complaint against the BPD with the GRC. The complaint alleged the BPD did not provide the records sought pursuant to a previous subpoena, and the same records were requested from the Prosecutor's Office in an OPRA request that was denied.

BPD's records custodian filed a Statement of Information with the GRC in response to the complaint. The custodian certified that the BPD had never received an OPRA request from appellant and, therefore, it could not have denied access to the records appellant sought.

The GRC reviewed the complaint at its November 14, 2017 meeting and determined there was no reasonable basis to pursue the complaint because appellant never filed an OPRA request with the BPD. Rather, the record demonstrated appellant submitted an OPRA request to the Prosecutor's Office, which is a separate and distinct agency from the BPD. As a result, the GRC found the BPD was not a proper party to the complaint, and voted to administratively dismiss the complaint. This appeal followed.

Appellant argues:

> I. THE GOVERNMENT RECORD COUNCIL ADMINISTRATIVE DISPOSITION COMPLAINT, BECAUSE DEFENDANT DENIED OF GETTING PUBLIC RECORD REQUEST ON MAY 8, 2017.

II. HUDSON COUNTY PROSECUTOR'S ASSISTANT'S OFFICE OPRA GRC DISPOSITIONED THE PLAINTIFF['S] COMPLAINT TO APPELLATE DIVISION.

Our scope of review of final administrative agency actions is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28. "[A] presumption of reasonableness attaches to the action of an administrative agency and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious." Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980). Nonetheless, we "are not bound by an agency interpretation of a strictly legal issue, when that interpretation is inaccurate or contrary to legislative objectives." G.S. v. Dep't of Human Servs., 157 N.J. 161, 170 (1999) (citations omitted).

We affirm the dismissal of appellant's complaint substantially for the reasons expressed by the GRC in its final decision. We add the following comments.

The record amply supports the GRC's decision to dismiss the complaint. Appellant did not serve an OPRA request on the BPD. Instead, she served the OPRA request on the Prosecutor's Office, which is a separate and distinct

4

governmental agency from the BPD. Pursuant to N.J.S.A. 47:1A-5(g), a request for access to a governmental record must be served on the "appropriate custodian" of the records sought. Because appellant failed to serve an OPRA request on the BPD, it was not a proper party to the complaint, and the complaint lacked "any reasonable factual basis." N.J.S.A. 47:1A-7(e). Accordingly, the dismissal of the complaint was not arbitrary, unreasonable, or capricious. Appellant's arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1808-17T1