**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4171-18

MIDALIA MARTINEZ,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, PUBLIC
EMPLOYEES' RETIREMENT
SYSTEM,

     Respondent-Respondent.

_____

Argued July 13, 2021 – Decided August 3, 2021

Before Judges Hoffman and Currier.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. x-xxx062.

Samuel M. Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel M. Gaylord, on the brief).

Amy Chung, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Juliana C. DeAngelis, Deputy Attorney General, on the brief).

PER CURIAM

Before this court for a second time, we consider petitioner's appeal from the January 10, 2019 order of the Board of Trustees, Public Employees' Retirement System (Board), denying her application for ordinary disability retirement benefits (application). On remand, the Board complied with our instructions-and addressed our concerns with its first denial order. Because we conclude the Board's decision was supported by the credible evidence and was neither arbitrary nor capricious, we affirm.

As we set forth the relevant facts in our prior decision, we need not repeat them extensively here. See Martinez v. Bd. of Trs., Pub. Employees' Ret. Sys., No. A-0049-17 (App. Div. Sept. 5, 2018).

Petitioner developed a mild head tremor in 2008. She underwent a neurological evaluation in 2010, following which the doctor "observed a 'very mild horizontal head tremor' and a '[v]ery minimal tremor of the legs . . . .'" Id. at 1 (alterations in original). In 2013, the same doctor reported "petitioner's head tremor was 'gradually getting worse and she has a lot of anxiety at work as she is conscious of her tremor.'" Ibid.

2                                                                          A-4171-18

Shortly thereafter, the Board requested an evaluation with Dr. Steven Lomazow, M.D. In his report, Dr. Lomazow noted "petitioner's tremor 'has been going on for a number of years'; although she continued to work, petitioner stated 'her tremor is inhibiting her ability to type, file and do other things that are required on her job.'" Ibid. Dr. Lomazow described petitioner's condition as "a fine head tremor and a small degree of bilateral upper extremity tremor, both postural." Ibid. He concluded "petitioner 'has a mild essential tremor which has not been treated with an adequate clinical trial of medication.'" Ibid. He further "opined that petitioner 'does not have neurological disease which rises to the level of totally and permanently disabled.'" Ibid.

In June 2013, petitioner left her employment and relocated to Florida in August. On August 21, 2013, the Board denied petitioner's application, finding she was "not totally and permanently disabled from the performance of [her] regular and assigned duties pursuant to N.J.S.A. 43:15A-42 and relevant case law." Id. at 2 (alteration in original). After petitioner appealed, the Board transferred the matter to the Office of Administrative Law for a hearing.

In January 2014, petitioner was examined by a neurologist who diagnosed her with Parkinson's disease. The doctor found petitioner to be "totally disabled" and unable to work. Ibid.

3

Because neither petitioner's treating neurologist nor Dr. Lomazow diagnosed her with Parkinson's disease, Dr. Lomazow requested a reevaluation of petitioner, in light of the differing diagnosis offered by petitioner's most recent neurologist. In October 2014, he issued a supplemental report, stating he "'still see[s] minimal evidence on neurological evaluation' of Parkinson's disease." Ibid. (alterations in original). Dr. Lomazow reasserted that petitioner was "not totally and permanently disabled from a neurological standpoint."

Following a hearing, the ALJ concluded he could not "'find that in January 2014 petitioner's condition resulted in her inability to perform her job duties, or that the employer did not attempt to accommodate her needs.'" Id. at 4. The ALJ provided his reasons for rejecting petitioner's doctors' opinions.

However, the ALJ questioned whether the Board used the correct standard in its initial denial of the application. The Board and Dr. Lomazow stated petitioner was not "totally and permanently disabled." The ALJ noted N.J.S.A. 43:15A-42 required a petitioner to demonstrate she was "physically or mentally incapacitated for the performance of duty."[1]

---

[1] We note that, effective June 20, 2016, N.J.A.C. 17:1-6.4 now requires all disability retirements to satisfy the "total and permanent disability" standard.

In July 2017, the Board issued a final agency decision adopting the ALJ's initial decision recommending the denial of petitioner's application. The Board did not address the issues raised by the ALJ. After an appeal to this court, we remanded to the Board to consider: (1) whether it applied the correct standard; (2) whether Dr. Lomazow addressed that standard; and (3) whether Dr. Lomazow considered petitioner's other medical issues.

On January 10, 2019, the Board issued a final agency decision, again denying petitioner's application. The Board found that petitioner was "not totally and permanently disabled from performing her regular and assigned duties and therefore is also not physically or mentally incapacitated."

In the present appeal, petitioner asserts she established she was physically or mentally incapacitated from performing her job duties and therefore she qualified for ordinary disability retirement benefits.

The standard of review applicable to an appeal from a state agency decision is well established. "Judicial review of an agency's final decision is generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223-

24 (2009)). In reviewing an administrative decision, we ordinarily recognize the agency's expertise in its particular field. Ibid. The party who challenges the validity of the administrative decision bears the burden of showing that it was "arbitrary, unreasonable or capricious." Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980).

To qualify for ordinary disability retirement benefits under N.J.S.A. 43:15A-42, a member must demonstrate he or she "is physically or mentally incapacitated for the performance of duty and should be retired." The member must prove he or she has a disabling condition and must provide expert evidence to sustain the burden. Bueno v. Bd. of Trs., Teachers' Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008).

In its order denying the application for a second time, the Board addressed this court's concerns. The Board noted initially that the standards "total and permanent disability" and "physically and mentally incapacitated" have been used interchangeably by our Supreme Court. See Patterson v. Bd. of Trs, State Police Ret. Sys., 194 N.J. 29, 42 (2008) (finding the only meaningful distinction between the two standards is that an ordinary disability applicant does not need to show a work connection). Therefore, the use by the Board and Dr. Lomazow

of "total and permanent disability" satisfied the case law's statutory interpretation.

In its decision issued after remand, the Board also considered the additional grounds outlined by this court. In her brief, petitioner did not contest the Board's conclusions on any bases other than the Board erred in its application of the proper standard. We are satisfied the Board sufficiently followed our remand instructions. Its decision was not arbitrary or capricious and is supported by the credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4171-18