**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2482-21

DANIEL L. DURAN,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued November 8, 2023 – Decided December 19, 2023

Before Judges Whipple and Enright.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xx9095.

Samuel Michael Gaylord argued the cause for appellant (Szaferman Lakind Blumstein & Blader, PC, attorneys; Samuel Michael Gaylord, on the brief).

Thomas R. Hower, Staff Attorney, argued the cause for respondent (Nels J. Lauritzen, Deputy Director of Legal Affairs, attorney; Thomas R. Hower, on the brief).

PER CURIAM

Petitioner Daniel Duran was denied Accidental Disability (AD) retirement benefits by the Board of Trustees of the Police and Firemen's Retirement System of New Jersey (PFRS). He appeals from that decision.

Petitioner worked as a police Sergeant for the Rutgers University Police. He was also part of the Firearms Interdiction Team as a liaison officer for the Newark Police Department (Newark PD). On October 12, 2014, while working with the Newark PD, he received a call about a fleeing suspect.

Specifically, petitioner reported that while attempting to apprehend a suspect, the suspect collided with him causing petitioner to crash onto the pavement sustaining injuries to his left knee and leg. In the hospital, he underwent emergency surgery for a fractured tibial plateau and dislocation. He had three surgeries in total and argues he has not recovered from this injury and can no longer perform the functions and tasks of a police officer.

On September 19, 2019, petitioner filed for Accidental and Ordinary Disability benefits. On June 9, 2020, PFRS denied petitioner's AD application pursuant to N.J.S.A. 43:16A-7. PFRS found petitioner totally and permanently disabled from the performance of his regular and assigned job duties. PFRS also found that the event occurred during—and as a result of—petitioner's

2

regular or assigned duties, thus the disability was not undesigned and unexpected. Petitioner was granted Ordinary Disability. He appealed the decision and had the matter transferred to the Office of Administrative Law (OAL).

The Administrative Law Judge (ALJ) held an evidentiary hearing wherein petitioner testified about the injury causing event. Petitioner asserted it was not normal for him to be ignored when yelling at a suspect to "stop." Although chasing suspects was something he anticipated as part of being a police officer, this event was unique because ordinarily during a foot pursuit, he would be behind the fleeing suspect. Here, the suspect was perpendicular to him, which petitioner argued was unusual.

On February 18, 2022, the ALJ issued their Initial Decision (ID). The ALJ rejected petitioner's application because petitioner did not meet the "undesigned or unexpected" test outlined in Richardson v. Board of Trs., Police and Firemen's Ret. Sys. 192 N.J. 189, 212 (2007). In their findings of fact, the ALJ accepted the PFRS's determination that the incident was identifiable to a time and place, and "occurred during and as a result of [p]etitioner's regular and assigned duties and was also not the result of [p]etitioner's willful negligence." The ALJ found the event was not

"undesigned and unexpected" as the contact "occurred in the normal course of the pursuit and apprehension of the suspect."

The ALJ relied on the Richardson test:  A traumatic event is one where an "unexpected external happening that directly causes injury [occurs] and is not the result of a pre-existing disease alone or in combination with work effort." Richardson, 192 N.J. at 212.  The ALJ stated the injury is expected as "in the dangerous performance of one's duties, an anticipated action, an apprehension of a suspect, can involve physical exertion which can result in an injury."  Therefore, the petitioner did not meet his burden to establish the incident as an undesigned and unexpected event.

On March 16, 2022, PFRS considered petitioner's exhibits, the ALJ's ID and exceptions filed by PFRS's counsel.  PFRS noted the exceptions filed, adopted the ID by the ALJ, and denied petitioner's application for AD retirement benefits.  This appeal followed.

Our review of an administrative agency action is limited.  Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).  An agency's decisions will be reversed if we find the decision to be "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole."  In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v.

A-2482-21

Rahway State Prison, 81 N.J. 571, 579 (1980)).  The party challenging the validity of the administrative decision bears the burden of proving that the decision was "arbitrary, unreasonable or capricious."  Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980).

Under N.J.S.A. 43:16A-7(a), AD will be granted if "the member is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties."  To obtain AD benefits, petitioner must prove:

> 1. that he is permanently and totally disabled;
>
> 2. as a direct result of a traumatic event that is
>     a. identifiable as to time and place,
>     b. undesigned and unexpected, and
>     c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4. that the disability was not the result of the member's willful negligence; and
>
> 5. that the member is mentally or physically incapacitated from performing his usual or any other duty.
>
> [Richardson, 192 N.J. at 212-13 (emphasis added).]

5

The issues here are whether: (1) petitioner suffered the injury because of an "undesigned and unexpected" event and (2) there is sufficient evidence to support that there was no unexpected happening.

Given our limited standard of review, we discern no basis to disagree with the factual findings made by ALJ—which were adopted by PFRS—or PFRS's legal conclusion that petitioner had not established he was entitled to Accidental Disability retirement benefits. Petitioner argues his case is like Richardson, Moran v. Bd. of Trs., Police & Firemen's Ret. Sys., 438 N.J. Super. 346 (App. Div. 2014), and Brooks v. Bd. of Trs., Pub. Employees Ret. Sys., 425 N.J. Super. 277 (App. Div. 2012).

We disagree. In Richardson, a corrections officer was injured while attempting to subdue an inmate. 192 N.J. at 193. The officer straddled the inmate to hold him down. Ibid. The inmate continued to kick, punch, and throw his body around, and eventually pulled himself loose. Ibid. The inmate then forcefully jerked up from the ground and knocked the officer backward, injuring him. Ibid. The Court concluded the officer's injury was caused by a traumatic event because the event "was (a) identifiable as to time and place; (b) unexpected and undesigned; and (c) not caused by a pre-existing condition . . . alone or in combination with work effort." Id. at 214-15.

6

In Moran, a firefighter was injured after kicking down a door to a burning building because he heard voices yelling from inside. 438 N.J. Super. at 350. The firefighter was part of the "engine company" that brought hoses to burning buildings and not part of the "truck company" that brought equipment used to forcibly enter those buildings. Id. at 349. The "truck company" was running late so the firefighter attempted to rescue the people inside the building despite not having the proper equipment. Id. at 354. The firefighter's injury was caused by an undesigned and unexpected event because the firefighter faced unusual circumstances, including the presence of victims inside the burning building, the "truck company's" delay, and the lack of equipment to break down the door. Ibid.

In Brooks, a school custodian suffered a shoulder injury while he and a group of students were moving a 300-pound weight bench. 425 N.J. Super. at 279-80. The custodian was injured when the students dropped the bench. Ibid. We reversed the PERS Board's determination that the event was not undesigned and unexpected because moving the bench was not part of the custodian's regular job duties and the students who he was attempting to help suddenly dropped it. Id. at 283.

A-2482-21

This case is distinguishable from Richardson, Moran, and Brooks. We agree with the trial court the injury did not result from an unexpected happening nor was the traumatic event undesigned. PFRS's finding that petitioner's injury was not the direct result of a traumatic event that was undesigned and unexpected was supported by credible evidence in the record and not arbitrary, capricious, or unreasonable.

The fact that the suspect did not stop when being told to do so and used his shoulder when he collided with petitioner was not an unusual external event like the occurrence in Richardson, Moran, and Brooks. Petitioner was performing an activity he had been trained for and was taught how to perform.

Petitioner acknowledged chasing suspects is part of the job and are typically part of the petitioner's regular or assigned duties. Even though the resulting injury may be traumatic in that it led to broken bones and various surgeries, it is not undesigned and unexpected, because it was caused by ordinary work effort that is a common experience to officers who are expected to apprehend fleeing suspects. See Gable v. Bd. of Trs., 115 N.J. 212, 223 (1989).

Based on our review, the ALJ correctly applied Richardson and its progeny.

A-2482-21

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2482-21