**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1835-22

J.W.,[1]

    Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND
HUMAN SERVICES,

    Respondent-Respondent.

_____

> Submitted September 25, 2024 – Decided October 18, 2024
>
> Before Judges Marczyk and Paganelli.
>
> On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.
>
> J.W., appellant pro se.
>
> Matthew J. Platkin, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

---

[1] We use initials to protect appellant's privacy interests. See R. 1:38-3(a)(2).

PER CURIAM

J.W. appeals pro se from the Division of Medical Assistance and Human Services' (DMAHS) denial of a "fair hearing" under N.J.A.C. 10:49-10.3 and C.F.R. § 431.220(a)(1). Because we are convinced the DMAHS' denial was not arbitrary, unreasonable, or capricious, we affirm.

We glean the pertinent facts from the record. J.W. suffered from numerous mental health ailments. For years, he received "specialized treatment from a Licensed Clinical Social Worker (LCSW)." The treatment was provided under J.W.'s father's private insurance, and J.W. extended the coverage for three years under the Consolidated Omnibus Budget Reconciliation Act (COBRA). However, after the COBRA coverage expired, J.W. became solely dependent on Medicaid.

J.W. sought to continue the LCSW's care under Medicaid. DMAHS, as the State agency designated to administer New Jersey's Medicaid program, advised J.W. that it could not "authoriz[e] and pay[] for services provided by a private practicing LCSW." "DMAHS offered to help . . . find an alternative participating . . . behavioral health provider to treat J.W.; however, [that offer was] refused."

J.W. requested a fair hearing, contending he was refused treatment from "a provider with the 'training and experience' [he] medically require[d]." The DMAHS denied J.W.'s request for a fair hearing because he had "not provided any written determination that . . . benefits ha[d] been reduced, denied or terminated by . . . Medicaid." Therefore, "there [wa]s nothing to transmit to the Office of Administrative Law (OAL) and the OAL d[id] not have subject matter jurisdiction," under N.J.A.C. 1:1-3.1(a).[2]

J.W. argues:

> Point 1
> The [DMAHS] erred in failing to provide medically necessary mental health outpatient treatment according to the [ten] essential health benefits (EHB) required by the Centers for Medicare and Medicaid Services (CSM), and, the DMAHS NJ FamilyCare/ABP benefit plan Affordable Care Act (ACA) rules requiring mental health outpatient treatment.

> Point 2
> The DMAHS judgment erred when denying a fair hearing, the Fair Hearing Unit (FHU) erred by failing to consider all facts and information supplied by [J.W.] and therefore wrongly denied a fair hearing.

---

[2] Under N.J.A.C. 1:1-3.1(a), "[a] contested case shall be commenced in the State agency with appropriate subject matter jurisdiction. A contested case may be commenced by the agency itself or by an individual or entity as provided in the rules and regulations of the agency."

Point 3
The judgment erred in not reimbursing [J.W.] for medically necessary mental health outpatient expenses as is required by ACA Act and NJ FamilyCare Plan.

Point 4
DMAHS with knowledge of the NJ Governor's office have acted in bad faith to obfuscate, obstruct and cause irreparable harm to NJ Medicaid FamilyCare Plan [mental health] participants, including [J.W.], to hide their known ACA parity law violations that impede the ability of participants to obtain properly "trained and experienced" providers required for [mental health] treatment and care.

Our review of an agency's determination is limited. "Where action of an administrative agency is challenged, 'a presumption of reasonableness attaches to the action . . . and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious.'" Barone v. Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986) (quoting Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980)).

In making that determination, our task is limited to deciding:

> (1) whether the agency's decision offends the State or Federal Constitution; (2) whether the agency's action violates express or implied legislative policies; (3) whether the record contains substantial evidence to support the findings on which the agency based its action; and (4) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[A.B. v. Div. of Med. Assistance & Health Servs., 407
N.J. Super. 330, 339 (App. Div. 2009) (quoting George
Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27
(1994)).]

"[W]e must give due deference to the views and regulations of an administrative agency charged with the responsibility of implementing legislative determinations."  Barone, 210 N.J. Super. at 285.  "[I]f substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's even though the court might have reached a different result."  Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992).  Nevertheless, we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue."  R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

Pertinent to this appeal,

> [a]n opportunity for a fair hearing shall be granted to all claimants requesting a hearing because their claims for medical assistance are denied or are not acted upon with reasonable promptness, or because they believe the Medicaid Agent or NJ FamilyCare-Plan A program has erroneously terminated, reduced or suspended their assistance.
>
> [N.J.A.C. 10:49-10.3(b).]

Similarly, federal regulations require administrative hearings where "the agency has taken an action erroneously, denied his or her claim for eligibility or for covered benefits or services, or issued a determination of an individual's liability, or has not acted upon the claim with reasonable promptness." 42 C.F.R. § 431.220(a)(1).

Here, J.W. was not "denied" medical assistance, nor was J.W.'s assistance "erroneously terminated, reduced or suspended." N.J.A.C. 10:49-10.3(b). Instead, J.W.'s chosen medical provider was ineligible for payment under Medicaid, and J.W. declined DMAHS' assistance in seeking an eligible provider. Therefore, DMAHS' denial of J.W.'s request for a fair hearing was neither arbitrary, capricious, nor unreasonable, and was fully supported by the record and the applicable state and federal regulations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1835-22